**DAVIS v. HARRY B. LOEB PIANO CO., INC.**

---

(January 21, 1929.   Opinion and Decree.)
(February 25, 1929.   Rehearing Refused.)

---

Harold J. Winling, of New Orleans, attorney for plaintiff, appellee.

Dufour, Rosen and Kammer of New Orleans, attorneys for defendant, appellant.

STATEMENT OF THE CASE.

GLEASON, Judge ad hoc.   Plaintiff sues the Harry B. Loeb Piano Company, Inc., for damages alleged to have occurred to himself and to his minor child, Ruth Davis, as a result of her falling through a window in the residence of the plaintiff.   It is charged in the petition that the defendant corporation had been engaged to install a radio in the residence of petitioner, and that, in the process of installation, the employee of defendant corporation removed a screen and in restoring said screen failed to fasten or secure same, and that subsequently plaintiff's minor child, who was accustomed to play on the window and use the screen as a support, fell through the window by reason of the insecurity of the fastening of the screen, and, as a result thereof, that damages were suffered.

The defense is a general denial of the allegations of the plaintiff's petition, and a special defense that the act of the employee, if true, was not the proximate cause of the injury, and that, therefore, no recovery could be had against the defendant corporation.

There was judgment for plaintiff, for the use and benefit of the minor, in the sum of $750.00 with interest, and further

judgment for himself in the sum of $270.80. From this judgment the defendant appeals.

OPINION.

There is considerable confusion in the testimony and we are extremely doubtful that the plaintiff has fulfilled the burden of proof so as to show that the screen through which the child fell was ever actually removed by the employee of defendant; but assuming arguendo that the screen was removed, and that in the replacement of the screen the employee had neglected and failed to fasten the thumb screws or otherwise attach the screen in the manner in which it had been previously secured, nevertheless the plaintiff is not entitled to recover, because there is no efficient causal connection between the act complained of and the injury to the child. There is no proof that the employee of defendant corporation was informed that the child made a habit of playing on the screen or that the screen was intended to and was used as a support for people leaning against the window. The nearest approach thereto is the evidence going to support the fact that the child was playing around the room at the time the installation was had.

A screen is ordinarily used for the purpose of keeping out insects and not as a means of support. There was no reason for the employee of defendant corporation to anticipate that the improper securing of the screen could cause injury to any one in the manner set forth in plaintiff's petition. As a matter of fact, the injury to the child could not have occurred had it not been for the negligence of the parent in permitting the child to use the screen as a support, and no one is responsible for his negligence or that of his employees

unless it can be shown that the act done or the omission complained of was one that was foreseen or could have been reasonably foreseen as a direct or probable consequence of the act of commission or omission.

To hold a person liable under the circumstances set forth in this case would be far-reaching in its effect, because anyone who made an installation of any kind would, by virtue thereof, become liable to third persons injured by coming in contact with or through the use or misuse of the particular installation, notwithstanding the damage could not be foreseen and notwithstanding it was caused by some supervening cause.

The law does not give a recovery unless the act complained of was one of negligence, and, in addition thereto, was the proximate cause of the accident. The law does not follow effects to their remote causes.

If there was any reason whatever for this employee to anticipate that this accident would or could occur in the manner set forth in this record, it has not been called to our attention, and it is certainly not one of those consequences which is likely to follow from the act complained of.

The doctrine of remote and proximate cause is difficult, if not impossible, of precise definition. It, however, is well established within definite bounds. In order to be a proximate cause, a cause must be either in itself or in connection with other causes, in direct and unbroken sequence, an efficient cause of an accident; but where the supervening cause, such as in this case, the permitting of the child to use the screen as a support, was in itself

an efficient cause of the accident, the other cause then becomes the remote cause. As a matter of fact, it was not in operation at all at the time the negligence of the parents of the child came into being, but was only brought into operation as a remote cause because of the immediate and efficient cause of the child's action in using the screen for a support.

In Milwaukee & St. Paul Ry. Co. vs. Kellog, 94 U. S. 469, 24 L. Ed. 256, Mr. Justice Strong, as the organ of the Court, said:

"The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it. The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft-cited case of the squib thrown in the market-place. 2 Bl. Rep. 892. The question always is, Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

And again, in Atchison, Topeka & Santa Fe Ry. Co. vs. Calhoun, 213 U. S., page 1, 29 S. Ct. 321, 53 L. Ed. 671, Mr. Justice Moody, as the organ of the Court, used the following language:

"Few questions have more frequently come before the courts than that whether a particular mischief was the result of a particular default. It would not be useful to examine the numerous decisions in which this question has received consideration, for no case exactly resembles another, and slight differences of fact may be of great importance. The rules of law are reasonably well settled, however, difficult they may be of application to the varied affairs of life. In this case, undoubtedly the plaintiff's injury was traceable to the original negligence, in the sense that it would not have occurred if the plaintiff had not been separated from his mother. Nevertheless, that negligence may not be the cause of the injury, in the meaning which the law attributes to the word 'cause' when used in this connection. The law, in its practical administration, in cases of this kind, regards only proximate or immediate and not remote causes, and, in ascertaining which is proximate and which remote, refuses to indulge in metaphysical niceties. Where, in the sequence of events between the original default and the final mischief, an entirely independent and unrelated cause intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the proximate cause and the others as the remote cause. Insurance Co. vs. Tweed, 7 Wall. 44, 52 (19 L. Ed. 65)."

In our judgment, the foregoing, expressions are as near to a clear and full exposition of the law of proximate cause as can be had, and an application of the reasoning set forth in those cases to the case at bar precludes a recovery on the part of the plaintiff.

The judgment of the district court is, therefore, annulled, avoided and reversed, and it is now ordered that plaintiff's suit be dismissed at his cost in both courts.