112 So.2d 143 (1959)
Richard K. CAMPBELL, Individually and for the Use of His Minor Son, Archie Hugh CAMPBELL,
v.
ALL STATE INSURANCE COMPANY.
No. 4790.
Court of Appeal of Louisiana, First Circuit.
April 27, 1959.
Rehearing Denied May 27, 1959.
*144 Bryant W. Conway, Baker, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Frank W. Middleton, Jr., Baton Rouge, for appellee.
Before ELLIS, FRUGE and LANDRY, JJ.
LANDRY, Judge ad hoc.
Plaintiff Richard K. Campbell instituted this action against defendant All State Insurance Company (the liability insurer of one James F. Ellard) seeking damages individually and for the use and benefit of his minor son, Archie Hugh Campbell, for personal injuries sustained by plaintiff's minor child on July 8, 1957, in the course *145 of assisting Ellard in the starting of a power lawn mower. The lower court rendered judgment rejecting plaintiff's demand, hence this appeal.
Defendant filed exceptions of vagueness and lack of representative capacity, neither of which appear to have been passed upon by the lower court. Defendant answered the petition denying that Ellard was guilty of any negligence whatsoever and in the alternative plead contributory negligence on the part of Archie Hugh Campbell.
The exceptions filed by defendant were not passed upon by the lower court. They were not urged before us either in brief or oral argument and, therefore, are presumed abandoned.
The circumstances culminating in the injury to plaintiff's son are relatively simple and virtually undisputed.
On the date of the accident, James F. Ellard, who resides in the City of Baton Rouge near a service station operated by Richard Monroe Campbell (the older brother of young Archie Hugh Campbell), desired to use his power lawn mower but was unable to start the engine because of some mechanical difficulty, the nature of which was unknown to him at the time. The machine in question was a Craftsman rotary or "whirlwind" type power mower operated by a 4 cylinder Briggs & Stratton gasoline engine. Being unable to start his mower, Ellard took it to the Campbell service station to make the repairs necessary to place the machine in running order. Upon arriving at the station, Ellard placed the machine in the approximate center of the wash rack (that portion of the station devoted to the washing of automobiles) which said wash rack is in reality a stall enclosed on three sides by walls and having a drain in the center to dispose of the water used in washing cars. Ellard worked with the machine for some time attempting to adjust the carburetor, choke and throttle and cranking the engine by pulling on the starter rope to turn over the motor. Try as he would, he was unable to start the engine and finally, exhausting himself by his efforts, he enlisted the aid of Archie Hugh Campbell to crank the motor while Ellard continued to adjust the carburetor. Despite their combined efforts, the engine failed to start. While in the act of cranking the engine, the starter rope suddenly slipped or failed to engage thus causing the pull rope to disengage without tension or resistance as a result of which young Campbell (who was standing with one foot on the machine) lost his balance, reeled backward a distance of three or four feet striking his right elbow against the wall of the wash rack area causing the injury which is the subject matter of this litigation.
The evidence shows that the lawn mower in question is of a type now commonly in use and was purchased by Ellard during the summer of 1956. Ellard had used the machine during the previous season and up to the date of the accident during which time the pull rope was known to have slipped on only two or three occasions. In substance Ellard testified he did not warn Campbell the rope might slip as it had slipped so few times he did not think about it; that he had no reason to think it would or might slip and that on the day in question it had not slipped once during the time he endeavored to start the engine.
Plaintiff contends Ellard was negligent in failing to warn his son of the defective condition of the lawn mower, failure to use reasonable care under the circumstances and failure to keep the starting mechanism of the mower in good operating condition.
The charge of negligence predicated upon Ellard's alleged failure to keep the machine in good operating condition is not substantiated by the evidence. The evidence shows without contradiction that the pull rope had slipped only two or three times in over a year's use of the machine and also shows that it worked perfectly on the day of the accident except for the *146 one instance which resulted in the accident. The machine itself was not introduced in evidence, it was not examined by anyone so far as the record shows and any conclusion that it was defective would be founded solely upon conjecture and supposition.
Charles Chaney, who had been engaged in the business of repairing lawn mowers for a period of 1½ years, testified as a witness for plaintiff and his testimony was to the effect that a machine need not necessarily be defective for the pull rope to slip. He stated that an accumulation of dirt or trash on certain parts of the starter mechanism as well as temporary displacement of the small ball bearings forming part of the recoil device could cause slipping. He further testified that if a machine of this type had been cranked numerous times without slipping of the pull rope and the pull rope suddenly slipped once, he would not regard such an occurrence as evidence the starting device of the engine was defective. In view of the foregoing, we find that plaintiff has failed to bear the burden of proof respecting the charge of negligence founded upon the alleged defective condition of the lawn mower.
Plaintiff's contention, that Ellard failed to use reasonable care under the circumstances is predicated on the premise that Ellard permitted the youth to attempt to start the engine while the mower was too close to the wall of the wash rack. In this connection, the evidence shows that previous to the accident, Ellard himself had attempted to crank the mower while it occupied the same position in which it was situated at the time of Campbell's injury. With the machine in the same position it occupied when Campbell attempted to crank it, Ellard had pulled the starter rope, without incident until he became exhausted from his efforts. There was nothing to indicate to Ellard that he was standing too close to the wall and, therefore, no reason for him to believe that standing in that same spot might be dangerous to his assistant. Furthermore, the evidence shows that while in the act of pulling on the starter rope, Campbell was standing three or four feet from the wall and also indicates that when he extended the pull rope its full limit, his elbow was approximately one foot away from the wall. From the foregoing, we concluded Ellard was not guilty of negligence in requesting young Campbell to crank the engine with the mower in the position shown by the evidence.
Finally plaintiff contends Ellard was negligent in not informing and advising Campbell that the cord might possibly slip. Astute counsel for plaintiff argues that Ellard's admitted failure to warn Campbell that the starter rope had slipped on previous occasions establishes a prima facie case of negligence imposing upon Ellard the onus of exculpating himself from the resulting presumption of negligence by clear and convincing evidence. In support of this contention, counsel for plaintiff cites Le Bourgeois v. Indiana Lumberments Mutual Insurance Co., La. App., 101 So.2d 720 and Rizley v. Cutrer, 232 La. 655, 95 So.2d 139, neither of which are apposite to the situation involved herein. The Le Bourgeois case, supra, involved an automobile accident in which defendant's approaching automobile executed a sudden left turn directly across the path of plaintiff's oncoming vehicle while in the Rizley case, supra, the defendant Cutrer drove his vehicle on the side of the roadway reserved exclusively for traffic proceeding from the opposite direction.
In order to determine whether Ellard was guilty of actionable negligence in failing to inform Campbell that the pull cord on the mower had slipped on two or three previous occasions, we must first determine the legal relationship existing between them quoad the incident in question for the nature of this relationship governs the degree of care owed by Ellard to Campbell.
*147 Counsel for both sides admit their inability to find authority in point and a careful search by the court has likewise failed to disclose precedent decisive of the issue. We believe, however, the status of Campbell was that of an invitee. Generally an invitee is held to be a person who goes on the premises of another in answer to an express or implied invitation of the other. 65 C.J.S. Negligence § 43(1), p. 508. In the instant case, Campbell had not been invited to go on premises belonging to Ellard but he had been requested to perform a gratuitous service or favor for Ellard. That Ellard did not own the premises is immaterial under the circumstances, he having chosen the place to work on his mower and having designated to the place at which he wished the requested service performed. Ellard, in making the request of Campbell, selecting the place and assisting in the execution of the act, assumed toward Campbell the same legal status as the owner of property who expressly or tacitly invites another upon his premises to perform some desired service.
It is generally recognized and held that the degree of care owed an invitee is that of ordinary and reasonable care commensurate with the particular circumstances involved and he who breaches such a duty owed an invitee is answerable to the invitee for damages sustained as a result thereof. It is also generally held and recognized that he who owes the duty of reasonable care to an invitee is not the insurer of the invitee's safety and, in the absence of negligence constituting a breach of the obligation of ordinary and reasonable care, is not liable for injuries befalling the invitee. 65 C.J.S. Negligence § 45, a, p. 521 et seq.
It is elementary that judicial determination of whether an act of alleged negligence constitutes lack of ordinary and reasonable care must be made in the light of all the facts and circumstances of each particular case. In such instances the courts must consider the probable and reasonably foreseeable dangers rather than the remote possibilities under which injury might occur.
In the instant case, plaintiff lays great stress on the fact that Ellard knew the pull rope had slipped before and was, therefore, negligent in not imparting this knowledge to plaintiff's son. The evidence shows the rope had slipped only two or three times previously which justifies the conclusion that such occurrence was infrequent and unpredictable. On the day in question, the starter cord had not slipped at all previous to the accident despite the fact it had been operated numerous times. Furthermore, prior to the accident, Campbell himself had operated the starter mechanism many times before the incident which resulted in his injury and experienced no difficulty with it. The fact that the pull cord had slipped on isolated prior occasions were not incidents of such nature as to place Ellard on notice that the recoil mechanism was defective or that such information should be divulged to a person attempting to crank the motor under the circumstances shown. There was nothing inherently dangerous in the surrounding circumstances which would have prompted an ordinarily prudent individual to feel that extraordinary care should be exercised or that injury was likely and probable if the starter mechanism failed to work properly. Even if Ellard had warned Campbell the rope might slip, he could not possibly have forecast or predicted the exact pull or tug when such an event would occur and the fact that Campbell pulled the rope numerous times without mishap would undoubtedly have lulled Campbell into believing it would not in fact slip and thus have nullified the effect of any warning given him by Ellard.
The rule of reasonable care must be considered not in the light of the accident which happened but with reference to that which ordinary prudence should have anticipated as likely to happen. Ordinary care requires only that means be taken to avoid such dangers as are known *148 or reasonably to be apprehended. Under the circumstances shown there was nothing to indicate to Ellard that the slipping of the starter rope would expose Campbell to the danger of injury and his failure to convey this information to Campbell was not negligence.
For the reasons herein assigned, the judgment of the lower court is affirmed.
Affirmed.