REGAN, Judge.
Plaintiff, Voncile Simmons Van Epps, instituted this suit against the defendants, Chuck’s Inc. and its liability insurer Pacific Indemnity Insurance Company, endeavoring to recover the sum of $54,581.30, representing damages for injuries resulting from an accident which occurred in defendant’s bar when another patron in endeavoring to depart therefrom pushed a bar chair which struck plaintiff, causing a ruptured intervertebral disc.
Defendants pleaded the exceptions of no cause or right of action, which were overruled, and then answered and denied liability for the injuries sustained by plaintiff, asserting that the sole and proximate cause of the accident was her own negligence and in the alternative pleaded her contributory negligence.
From a judgment in favor of the plaintiff in the amount of $9,000, defendants have prosecuted this appeal. Plaintiff has answered the appeal and requested that the award be increased to $54,581.30.
The facts are relatively simple. On August 11, 1956, at approximately 11:30 P.M. plaintiff visited Ched’s Lounge with the intention of meeting one of her friends. She entered the lounge, and after ascertaining that her friend had not arrived, she seated herself at the bar. The bar chairs on both her right and left were unoccupied; however, shortly thereafter the chair on her right was occupied by W. A. Adams, and the chair on her left was taken by an unknown man accompanied by one or more people. In the course of time plaintiff turned herself to the right to engage in conversation with Adams, and while so preoccupied plaintiff was struck in the back by the top rail of the back rest of the bar chair to her left when the unknown patron[1] of the bar endeavored to move the chair with the intention of leaving the establishment. This blow caused the injuries which form the subject matter of this suit.
Plaintiff in substance contends that the defendant was negligent in using bar chairs which were constructed with a top rail forming part of the back rest which extended 2beyond the sides of the chairs and that they were spaced so close as to touch each other’s top rail and thus not afford the patron to plaintiff’s left sufficient room to move away from the bar without striking plaintiff with the extended end of the top rail of the chair.
Defendants on the other hand insist that the proximate cause of plaintiff’s injuries was her own negligence in improperly seating herself upon the bar chair so as to face Adams in the course of their conversation instead of the bar and in the alternative defendants rely on the doctrine of contributory negligence to defeat recovery herein.
Predicated upon the foregoing facts and the contention of the plaintiff the trial judge expressed the opinion
“ * * * that this chair with the back protruding the way it does is a dangerous agency in a barroom and drinking saloon where people are drinking intoxicating liquors, and someone may become intoxicated and trip or stagger or fall against it; and that the force of the end of the back of the chair striking against the plaintiff was tantamount to striking her back with a hammer, thus causing the injuries she sustained.”
The only question which this appeal has posed for our consideration is whether *311 the trial court’s findings of fact “that this chair with the back protruding * * * is a dangerous agency in a barroom” is so erroneous and unsupported by the evidence as to warrant reversal by us.
We are of the opinion that the trial court erred in finding as a fact that this chair was a dangerous instrumentality in a barroom or cocktail lounge.
Before we initiate a discussion of the specific problem posed herein, it may be well to reiterate the rationale of the general duty imposed by law and owed by proprietors of any public house of entertainment, similar to the owner of any building, is liable for injuries due to vices and •defects in his premises, and if he maintains any furnishings or equipment therein which probably, foreseeably, or reasonably will cause damage to others, he should provide adequate safeguards to avert an accident. But, to reiterate, he is not an insurer of his patrons’ safety and is only legally required to maintain his premises in a reasonably safe condition. The furnishings or fixtures used in connection with his business for the convenience and comfort of his patrons need not be absolutely foolproof.
Since we measure the negligence charged herein by the yardstick of the reasonable man and the care required of him, we encounter no difficulty whatever in resolving that the trial judge erred in finding “that this chair with the back protruding * * * was a dangerous agency in a barroom.” The chair was offered into evidence in the lower court and was produced for our inspection during oral argument in this court. We have carefully examined this, chair together with the testimony of the plaintiff[2] as to the cause of her injury and the evidence revealing the environment of the chair on the night of the accident, and we are convinced as a result thereof that the defendant was free from fault in using this chair in this establishment. The specific charge of fault made by the plaintiff and aimed at the defendant is the fact that the top rail forming part of the back rest extends 2fá" beyond the side of the chairs and the further fact that the chairs were spaced too close together at the bar.
The evidence reveals that the chair[3] was constructed in conformity with the specifications of innumerable other chairs used in establishments of this kind, and that while the chairs may have been spaced too close together for comfort of the patrons, this fact per se did not create a hazard or militate in any way against the safety of the arrangement.
The nebulous claim by the plaintiff that the cocktail lounge was dimly lighted is without merit for the reason that the plaintiff entered the establishment as she had on so many previous occasions fully cognizant of this fact, and the record is devoid of any evidence reflecting that the inadequate lighting had any causal connection with this unfortunate accident.
In determining what is negligent conduct we have remarked on several occasions that there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true civil law concept.' Judicially we are tending more and more towards an appreciation *312 of the truth that, in the last analysis, there are few absolute rules of negligence; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for personal injury and prescribe the proper rule for each.
For the reasons assigned the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment herein in favor of defendants and against plaintiff dismissing her suit. All costs are to be borne by the plaintiff.
Reversed.

. Tlie record is devoid of any evidence tending to show that the “unknown patron of the bar” was intoxicated or that Ms conduct was improper at any time prior to or after the accident.

. Plaintiff testified: “The man and the lady that were to my left were attempting to leave, and as he got up from his seat, in so doing, he pushed his chair back slightly and it turned a little, and he was trying to get out, which it was so crowded that it was almost impossible to do so, so he fell against the chair, causing it to fall sideways, and it hit me in the back.”

. “The bar stools stand about 42 inches high; they have four legs approximately around 15 inches apart. The seat is 15 inches wide. The back rest is 12 inches wide. The protruding piece on top is about two and three-quarters inches protruding on each side.”