149 So.2d 210 (1963)
Richard T. SAVELL, Plaintiff-Appellant,
v.
Fred FOSTER, d/b/a St. Vincent's Servicenter, et al., Defendants-Appellees.
No. 9851.
Court of Appeal of Louisiana, Second Circuit.
January 2, 1963.
Rehearing Denied February 7, 1963.
Certiorari Refused March 25, 1963.
*211 Ferdinand A. Cashio, Shreveport, for appellant.
Lunn, Irion, Switzer, Trichel & Johnson and Mayer & Smith, Shreveport, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
This is an appeal by plaintiff from adverse judgment in an action ex delicto instituted to recover damages resulting from personal injuries arising out of the following undisputed facts.
*212 Plaintiff drove his automobile into defendant's service station to be greased and to have the oil changed. Since another vehicle was then on the grease rack, plaintiff's truck was placed in the wash rack area to be serviced. This area, open on the front, had two windows on the closed side.
Mr. Savell remained on the front concrete apron for 15 or 20 minutes, and then went into the area where his truck was being serviced in order to direct the attention of the defendant's employees to some minor repairs he wished made. Observing the employees were busy, he leaned against the wall by the windows and upon subsequently feeling warm, pushed upon a projection or casement type window with his left hand. It is alleged that the window was defective and when plaintiff shoved the lower portion thereof, it suddenly and forcibly fell upon his hand wedging it against the lower steel sill and causing it to go through one of the square panes in the window, resulting in the injuries of which he complains.
The record reveals that plaintiff was permitted in the wash rack area prior to the accident. He was neither told not to go in the area, nor was he warned of the condition of the window in question.
It was admitted by defendant, Fred Foster, and by his two employees that they knew of the condition of the window, and that it was common knowledge to them that if it was not held when opened it would fall because of the defective metal arms. They gave this as the reason why the window was kept closed and was never opened by them.
While no written reasons were assigned for the judgment of the lower court, we are informed by brief that the trial judge found plaintiff was a "licensee" in that portion of the station where the injury occurred and that there was no violation of duty by the proprietor toward the plaintiff. It is, of course, the plaintiff's position herein that he was in fact an invitee on the premises of the defendant's establishment and particularly where the accident occurred.
Consideration of the issues necessary for determination of the question of liability include that of the status of plaintiff, i. e., whether invitee or licensee; and, giving due regard to the duty concomitant to such status, whether defendant herein has violated any such duty so as to render him liable for personal injuries sustained by plaintiff in opening the window.
As defined in 65 C.J.S. Negligence § 44, a person is an invitee or business visitor where, for purposes connected with the business conducted on the premises, he enters any place of business. Defined by the same authority a licensee, in the law of negligence, is a person who enters on or uses another's premises with the express or implied permission of the owner or person in control thereof, or by operation of law.
The owner, occupant, or person in charge of property owes to an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injury resulting from breach of such duty. This duty includes that of exercising reasonable care to keep the premises in a reasonably safe and suitable condition or of warning invitees or business visitors of hidden or concealed perils of which he knows or should know in the exercise of reasonable care, so that those whom he has invited to enter upon or use his property shall not be unnecessarily or unreasonably exposed to danger. A lesser duty, owed a licensee, is that of refraining from willfully or wantonly injuring him and additionally "of warning the licensee of latent dangers of the premises if actually known by the occupier". Alexander v. General Accident Fire and Life Assurance Corporation (La.App. 1 Cir., 1957) 98 So. 2d 730, 732; Hopper et ux. v. Maryland Casualty Co., et al. (La.App. 2 Cir., 1961) 129 So.2d 101.
Accepting, for purposes of argument, plaintiff's position that he was in fact *213 an invitee on the premises, "particularly where the accident occurred" we are of the opinion that defendant is guilty of no negligence nor imprudence which occasioned the injury suffered by plaintiff. As an invitee, defendant only owed plaintiff the duty of making the place reasonably safe and had no obligation to anticipate the action of plaintiff in raising the defective window in the wash rack area.
The courts of this state have reiterated the general rule that the owner or occupant is not an insurer of the safety of invitees. He is not required, at his peril, to keep the premises absolutely safe, but the measure of his duty in this respect is reasonable and ordinary care, and in determining whether such care has been exercised it is proper to consider the uses and purposes for which the property in question is primarily intended. Simmons v. Chuck's, Inc., et al. (Orl.La.App.1959) 113 So.2d 309; Dyer v. Stephens Buick Co. (La.App. 4 Cir., 1961) 125 So.2d 185.
In denying liability of the owner of premises to an invitee in Campbell v. All State Ins. Co. (La.App. 1 Cir., 1959) 112 So.2d 143, 147, the court stated:
"It is elementary that judicial determination of whether an act of alleged negligence consitutes lack of ordinary and reasonable care must be made in the light of all the facts and circumstances of each particular case. In such instances the courts must consider the probable and reasonably foreseeable dangers rather than the remote possibilities under which injury might occur." (Emphasis supplied.)
Adverting then to the application of the above rules to the facts of the instant case we conclude that defendant, even though aware of the defective window, could not reasonably have foreseen that an invitee would, in the course of supervising the servicing of his truck, attempt to open a window in an area principally devoted to washing automobiles.
As an additional basis for liability plaintiff has urged that defendant was obliged under LSA-C.C. Arts. 2316 and 670 to keep his building in such repair that no part of it would fall and cause injury to those lawfully on the premises; and his failure to do so results in liability for injury caused thereby. He contends that defendant should have reasonably foreseen that some injury would be likely to result from his negligent action, and in support of this contention cites Fenasci v. S. H. Kress & Co. (Orl.App.1931) 17 La.App. 170, 134 So. 779. A careful review of the cited articles and case convinces that they have no applicability to the case at bar.
For the reasons assigned, the judgment of the lower court is affirmed at plaintiff-appellant's cost.
Affirmed.