HOOD, Judge.
Plaintiff, Mrs. Lucille Jones Poe, claims damages for personal injuries and other losses allegedly sustained by her when she fell out of the window of a residence building. The suit was originally instituted by plaintiff and her husband, but the parties were divorced while the suit was pending, and Mr. Poe has withdrawn as a party plaintiff. The sole defendant is American Insurance Company, the liability insurer of the owner or owners of the building. After trial, judgment was rendered in favor of defendant, and plaintiff has appealed.
The accident occurred about 1:30 a. m. on April 24, I960. At that time plaintiff was residing with her husband, her three children and her mother in a two-story residence building in DeRidder, Louisiana. Plaintiff and her husband were occupying a bedroom on the second floor of that building. On the evening of April 23, plaintiff and her husband attended a dinner at the home of a friend. They returned to this residence building about 10 :30, and they retired at 11:00 p. m. Plaintiff awoke about 1:30 a. m. and, desiring more ventilation in the room, she got out of bed and went to open a window on the south wall of the bedroom. There were two windows located adjacent to each other on the south wall of that room, the window sill or the lower portion of the frame of each such window being located about eight inches above the floor. One large metal Venetian blind covered both of these windows. The windows were screened, and the screen on each such window was attached by hinges on the side of the frame so that the screen could swing open as a door is opened. A hook-and-eye type of latch was used to keep the screen closed.
It was dark when plaintiff got up to open the window, and she did not turn on the light. The Venetian blind was down, and instead of raising it plaintiff walked between the blind and the window and then stooped or crouched down for the purpose of raising one of the windows. After raising the lower sash of one of the windows, she placed her right hand on the frame of the screen of that window, and she attempted to brace herself against this screen as she arose from her stooped position. While leaning on the screen for that purpose, the screen suddenly swung open and plaintiff lost her balance and fell out of the window to the ground. She sustained serious injuries as a result of this fall.
The building in which plaintiff was residing at that time was acquired by plaintiff’s parents, Mr. and Mrs. Monette Jones, about 1936, when plaintiff was approximately twelve years of age, and plaintiff lived in it as the family home from that time until she married at the age of eighteen years. Plaintiff’s father died in May, 1959, and her mother, Mrs. Monette Jones, has continued to live in the home since that time. After the death of Mr. Jones, plaintiff’s mother became the owner of an undivided one-half interest in the property and she had the usu-fruct of the remaining interest in such property, plaintiff and her brother having the naked ownership of that remaining interest.
After plaintiff’s marriage, she returned to and lived in this residence building from time to time, and she had been living in it for a period of about eighteen months immediately before her father died. After his death, she continued to live on these premises with her mother and her own family, until September, 1959, at which time she and her husband moved into a home of their own. They were compelled to give up their home a few months later, however, and they moved back into this residence building during the latter part of March, 1960. Plaintiff and her family, therefore, had been liv *849 ing with plaintiff’s mother in the homeplace about three or four weeks immediately prior to the time the accident occurred, and plaintiff was thoroughly familiar with the house.
The evidence shows that when plaintiff leaned against the screen a screw which held a part of the latch pulled out of the frame of the screen, thus permitting the screen to swing open. Plaintiff’s mother, Mrs. Mo-nette Jones, testified that the screw which held this latch had been loose for some time, that she knew of its condition, that it had pulled out before, but that she had simply inserted the screw back into the original hole which had been made for it, and that she had not had the latch fastened more securely to the frame of the screen. Plaintiff testified that she did not know that the screen which held this latch was loose, and that it appeared to be fastened firmly to the screen.
Plaintiff’s mother testified that she had invited plaintiff and her family to live with her, that no rent was paid, and that they were residing in the house as her guests. The trial judge concluded, and we agree, that plaintiff was an invitee on the premises at the time the accident occurred.
Plaintiff contends that her mother, Mrs. Jones, is the insured under a liability policy which was issued by defendant to Monette Jones prior to the date of the accident, and which policy was still in effect at the time plaintiff was injured. She maintains that pursuant to the provisions of that policy defendant is liable to her for the damages which she sustained as the result of Mrs. Jones’ negligence in failing to repair a defective condition of the screen. In support of her claim plaintiff relies primarily on Articles 670 and 2322 of the Revised Civil Code, ¿which articles provide:
“Art. 670. Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect.”
“Art. 2322. The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”
Defendant, among other defenses, contends that Mrs. Jones was not negligent in failing to repair the latch on the screen, but that if she was negligent in any respect, her negligence was not a proximate cause of plaintiff’s injury. In the alternative, defendant contends that plaintiff is barred from recovery because of her own contributory negligence.
The duty which the owner, occupant or person in charge of property owes to an invitee was correctly set out, we think, in Levert v. Travelers Indemnity Company, La.App. 3 Cir., 140 So.2d 811, as follows:
“The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
“On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observable by *850 the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it.” (emphasis added)
Some of the other cases which have applied the above stated rule, in addition to those cited in the Levert case, are: Howard v. Early Chevrolet-Pontiac-Cadillac, Inc. et al., La.App. 2 Cir., 150 So.2d 309; Campbell v. All State Insurance Company, La.App. 1 Cir., 112 So.2d 143; Savell v. Foster, La.App. 2 Cir., 149 So.2d 210 (cert. ref.); Bougon v. Traders & General Insurance Company et al., La.App. 4 Cir., 146 So.2d 535.
Our brothers in the First Circuit, in Alexander v. General Accident Fire & Life Assurance Corp., La.App. 1 Cir., 98 So.2d 730 (cert. denied), quoting with approval from another case, stated that the duty which the owner owes to an invitee “is not to insure him against the possibility of accident, but is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved.”
In the instant suit, the trial judge appropriately observed that “here the determination to be made is whether the law requires a latch in a window screen to be maintained in such condition as to protect a person from falling out of the window.” In concluding that defendant’s insured was not guilty of actionable negligence in failing to repair the latch on the screen, the trial judge said:
“It is common knowledge that window screens are not intended for support or to offer protection to persons inside a house, regardless of what other purposes they might be designed to serve. Such screens are ordinarily used to keep out insects. It is also common knowledge that many dwellings have no screens at all. Windows are not constructed for purposes of ingress and egress. They are constructed to give light and air.
sfc ‡ Jjs * * *
Since screens are not intended to protect persons from falling through windows and since a fall through a window is not easily associated with a loose or defective screen, Mrs. Jones could not have reasonably foreseen that injury would result to persons using the window as a direct or probable consequence of her failure to repair the latch on the screen. The failure to repair the latch on the screen was not the proximate cause of Mrs. Poe’s injuries.”
In Davis v. Harry B. Loeb Piano Company, Inc., La.App.Orl., 10 La.App. 106, 119 So. 746, an employee of defendant removed a screen from a window in plaintiff’s residence for the purpose of installing a radio, and he failed to fasten or secure the screen back to the window. Plaintiff’s child fell through the screen, and plaintiff thereupon instituted suit against defendant, demanding damages because of the neglect of defendant’s employee. The court, in rejecting plaintiff’s demands, said:
“A screen is ordinarily used for the purpose of keeping out insects, and not as a means of support. There was no reason for the employé of defendant corporation to anticipate that the improper securing of the screen could cause injury to any one in the manner set forth in plaintiff’s petition. As a matter of fact, the injury to the child could not have occurred had it not been for the negligence of the parent in permitting the child to use the screen as a support, and no one is responsible for his negligence or that of his employes [sic] unless it can be shown that the act done or the omission complained of zvas one that was foreseen or could have been reasonably foreseen as^a direct or probable consequence of the act of commission or omission.
******
“The law does not give a recovery unless the act complained of was one of negligence, and, in addition thereto, *851 was the proximate cause of the accident. The law does not follow effects to their remote causes.” (emphasis added)
In Savell v. Foster, supra, the plaintiff was injured as he leaned against a casement-type window in a service station. The window was defective and it fell when plaintiff leaned on it, injuring plaintiff’s hand. The evidence showed that defendant and his employees were aware of the defective condition of the window and of the fact that it would fall if a person attempted to open it or lean against it. Assuming that plaintiff was an invitee at the service station, the court recognized the duties which an owner owes to an invitee, and concluded that the owner was not negligent in failing to repair the defective window. The court reasoned that the owner ‘‘could not reasonably have foreseen that an invitee would, in the course of supervising the servicing of his truck, attempt to open a window in an area principally devoted to washing automobiles.”
We agree with the trial judge that a window screen is ordinarily used for the purpose of keeping out insects, and not as a means of support or as a protection against persons falling out of the window. The sole purpose of the latch was to hold the screen closed, and it apparently served that purpose adequately, since plaintiff, who had lived in the house for long periods of time, had never noticed any defect in it. The latch was not intended to hold the screen so firmly that it could be used as a brace or support for a person who might lean against it. Mrs. Jones had no reason to suspect that plaintiff or anyone else would use the screen for support, or would rely on the latch holding sufficiently to protect a person from falling out the window. The danger of a person falling out of the window because of the condition of the latch, therefore, was one which we think could not reasonably have been foreseen by Mrs. Jones, and under those circumstances there was no duty on her part to repair the latch or to warn plaintiff of its condition. Since there was no duty on the part of defendant’s insured to make the latch more secure, her failure to do so does not constitute negligence on her part. We agree with the trial judge that Mrs. Jones is free from actionable negligence, and tbat’the defendant insurer is not liable to plaintiff for the damages which she claims.
Since we have concluded that there was no negligence on the part of defendant’s insured, and that plaintiff is not entitled to recover for that reason, it is unnecessary for us to consider the alternative argument that plaintiff is barred from recovery because of her own contributory negligence.
Plaintiff further contends that even though she may have failed to establish negligence on the part of defendant’s insured, she nevertheless, under the provisions of Section II, Coverage G of the policy, is entitled to recover the medical expenses which she incurred in the treatment of her injuries, up to the limit of $250.00 which is set out in the insurance contract. Although the defendant does obligate itself for medical payments in Section II, Coverage G, of the policy, the contract also provides, under the heading, “Exclusions,” that:
“Section II of this Policy Does Not Apply:
* * * * * *
(g) under Coverage G, to bodily injury to * * * (3) any person, other than a residence employee, if such person is regularly residing on the premises * * * ”
In the instant suit plaintiff was regularly residing on the premises at the time the injuries were sustained, and thus she is excluded from recovering medical expenses. See Liprie v. Michigan Millers Mutual Insurance Company, La.App. 3 Cir., 143 So.2d 597; and Kaplyn v. Globe & Republic Insurance Company of America, La.App. 4 Cir., 160 So.2d 324. The trial judge, therefore, correctly rejected that item of her demands.
*852 For the reasons herein set out, therefore, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.
FRUGÉ, J., dissents with written reasons.