252 So.2d 909 (1971)
Doris A. BROWN, Plaintiff-Appellee,
v.
STATE FARM FIRE & CASUALTY COMPANY et al., Defendants-Appellants.
No. 11657.
Court of Appeal of Louisiana, Second Circuit.
September 8, 1971.
Rehearing Denied October 12, 1971.
*910 Lunn, Irion, Switzer, Johnson & Salley, by Harry A. Johnson, Jr., Shreveport, for Rosie S. Wharton and State Farm Fire and Casualty Co., defendants-appellants.
Charles E. Tooke, Jr., Shreveport, for Mrs. Doris A. Brown, plaintiff-appellee.
Before AYRES, HEARD, and HALL, JJ.
En Banc. Rehearing Denied October 12, 1971.
AYRES, Judge.
This is an action in tort wherein plaintiff, Mrs. Doris A. Brown, seeks to recover from the defendants, Mrs. Rosie S. Wharton and her insurer, damages for injuries allegedly sustained by and resulting from a fall as plaintiff attempted an entrance to the premises of the defendant Mrs. Wharton on the night of August 4, 1969. Plaintiff contends that as she proceeded up the four steps leading to the rear door of the Wharton residence she stepped on a rock resting on the steps which caused her knee to become involved in a sudden and violent twisting or turning movement, precipitating her fall and the infliction of the injuries for which damages are sought.
Mrs. Wharton's liability is predicated upon her knowledge of the presence of the rock on the steps and her failure to remove it or to warn plaintiff of its presence and danger. Defenses urged to plaintiff's action include the assumption of risk in proceeding onto defendant's premises and up the steps in the darkness of the night without adequate lighting. Plaintiff is also charged with contributory negligence based on her alleged failure to maintain a proper lookout or to make use of a flashlight or other source of illumination or to use a handrail provided as an aid in ascending the steps.
Upon trial of this controversy on its merits, the court found that the accident was caused by plaintiff's stepping on a rock resting on the steps, and that liability attached to Mrs. Wharton due to her knowledge of the presence of the rock on the steps and her failure to remove it or to warn plaintiff of its presence and its apparent danger. No merit was found or noted with respect to charges of plaintiff's assumption of the risk or as to her contributory negligence. There was judgment in plaintiff's favor against the defendants in solido for the principal sum of $13,655.56, which included $655.56 for hospital and medical expenses, $3,000.00 for nurses, *911 $3,000.00 for loss of earnings, $6,000.00 for pain and suffering, and $1,000.00 for disability to plaintiff's leg and knee. From this judgment defendants appealed. Plaintiff, in answer to the appeal, asserted the awards were inadequate and prayed for their increase.
Defendants-appellants specify error in the action of the trial court in holding that (1) plaintiff was an invitee of the defendant Mrs. Wharton and that (2) plaintiff was not guilty of contributory negligence, and, moreover, contend that (3) the award was excessive, and, in brief and argument, (4) the award of $3,000.00 for nursing expense should have been disallowed under the principle of "confusion."
Mrs. Wharton was plaintiff's lessor. Plaintiff lived in a small house on the Wharton premises situated to the rear of the main residence which was occupied by Mrs. Wharton. These two women were solicitous of the welfare of each other. Mrs. Brown was an almost daily visitor at the Wharton home. Invariably she entered through the rear door. Both Mrs. Brown and Mrs. Wharton were practical nurses. On the occasion of plaintiff's return home from work about 11:15 p. m., on August 4, 1969, lights were seen in the Wharton residence. Plaintiff considered this an unusual circumstance in view of Mrs. Wharton's apparent illness earlier in the day, whereupon she went to investigate.
In ascending the steps at the rear door of the Wharton residence, leading from a carport to the den, Mrs. Brown stepped on some foreign object which, as she described it, sent her "flying." She fell against Mrs. Wharton's car, parked to her rear and near the steps, and continued in her fall to the concrete. Although Mrs. Brown did not know the exact nature of the object on which she had stepped in ascending the steps, Mrs. Wharton testified she had seen a rock on the steps sometime during the afternoon as she entered her car to visit her mother in a nursing home. Mrs. Wharton did not, then and there, remove the rock, but resolved to remove it upon her return home; she nevertheless overlooked doing so. Following the accident, Mrs. Wharton testified to having seen the rock near the steps. She moreover testified to a mutual understanding between plaintiff and herself that, because they lived by themselves, each would look in on the other if they were not well.
We find no merit in defendants' first contention, that is, that plaintiff was not an invitee of Mrs. Wharton at the time she experienced the accidental fall and sustained the injuries for which she seeks damages. The trial court correctly found that plaintiff was an invitee of the defendant. An invitee is a person who goes upon the premises of another with the express or implied invitation of the occupant on the business of the occupant or for their mutual advantage. To the invitee the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger. Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636, 641 (1967); Alexander v. General Accident Fire & L. Assur. Corp., 98 So.2d 730 (La. App., 1st Cir. 1957cert. denied). And, as was held in Savell v. Foster, 149 So. 2d 210 (La.App., 2d Cir. 1963cert. denied), the duty of an owner, occupant, or person in charge of property toward an invitee includes the exercise of reasonable care to keep the premises in a reasonably safe and suitable condition or of warning the invitee of hidden or concealed perils of which he knows or should know in the exercise of reasonable care, so that those whom he has invited to enter upon or use the property shall not be unnecessarily or unreasonably exposed to danger.
The record makes it very clear that Mrs. Brown had a right to be on the premises of Mrs. Wharton, where and when the accident occurred, as an invitee of Mrs. Wharton. These women visited each other *912 frequently, an almost daily occurrence, and, as Mrs. Brown testified, sometimes several times a day.
Nor do we find any merit in the charge that Mrs. Brown was guilty of contributory negligence that would bar her recovery. She had a right to assume that the steps and passageway into the Wharton home were free from obstruction. While she, as an invitee, was under a duty to exercise ordinary care and prudence in observing or discovering danger, she was under no duty to peer or look down and search for obstacles to her passage up the steps and into defendant's residence. Neither was it necessary for her to provide herself with some sort of light. Foggin v. General Guaranty Insurance Company, supra; Robnett v. Great American Insurance Co. of N. Y., 187 So.2d 152 (La.App., 2d Cir. 1966cert. denied). She could not have been expected to assume a rock or other object rested upon the steps. Plaintiff had no knowledge of the rock's presence, nor was she forewarned of such danger. She was entitled to believe that her path was not dangerous. St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273 (1964); Daire v. Southern Farm Bureau Casualty Ins. Co., 143 So.2d 389 (La.App., 3d Cir. 1962cert. denied).
The rule is well established in the jurisprudence of this State that contributory negligence is a special defense; that the party relying upon such a defense has the burden of establishing it by a preponderance of evidence. Mitchell v. National Surety Corporation, 149 So.2d 213 (La. App., 2d Cir. 1963). We conclude, from our review of the facts established in the record, that defendants in the instant case have not sustained the burden thus imposed upon them.
In this connection, it may be emphasized that Mrs. Wharton, the owner and occupant of the premises, knew of the obstruction on the steps, but, notwithstanding this knowledge and that Mrs. Brown was a frequent visitor in her home, entering by ascending the steps, Mrs. Wharton nevertheless neglected to remove the danger or to inform plaintiff of its existence. Hence, the conclusion is inescapable that plaintiff was free from negligence and did not assume the risk involved, but that the fault was that of Mrs. Wharton in not informing plaintiff of the existence of the danger created thereby.
As heretofore related, plaintiff fell from the steps to the concrete floor of the carport. As an immediate effect, she could not stand or place any weight on her right leg; she could not walk. She immediately suffered severe pain. Picked up by Mrs. Wharton's son, she was carried to her home, placed in bed, and given attention by Mrs. Wharton until the next day when she was seen by Dr. W. S. Bundrick, an orthopedic surgeon of Shreveport. Upon examination, plaintiff was found to have sustained a tear on the inner surface of the knee, called the medial collateral ligament, described as not a complete tear but sufficient to produce a considerable laxity or looseness of the ligament. On January 13, 1970, as observed by the doctor in an examination the following day, plaintiff again twisted her knee and an effusion resulted. An x-ray examination revealed a fracture about the knee in the outer area, referred to as the lateral tibial plateau. This fracture, according the the doctor, resulted from another rotary injury to the knee secondary to the looseness of the ligament which permitted the fracture to occur. This latter injury was shown to have been attributable to the condition of the knee at the time of the second incident, which condition was caused by the original fall on Mrs. Wharton's doorsteps.
Plaintiff also sustained a third injury to her knee during the latter part of July, 1970, when she stepped into a small hole. Five days thereafter, on August 4, 1970, she was again seen by Dr. Bundrick who testified that plaintiff's knee was intensely swollen and quite painful. Although there was no additional fracture, the doctor was *913 of the opinion plaintiff had sustained a moderately severe sprain of the knee with a possible tear of the medial meniscus or medial cartilage. This injury, for the same reasons, was said to have been related to the first injury in that the looseness or laxity of the ligament resulting from the first injury was the basic cause of the repeated episodes in the knee. The doctor expressed an opinion that at the time of these injuries plaintiff suffered substantial pain, with the possibility of chronic pain thereafter, even to the date of the trial on September 25, 1970, with a likelihood of its persistence thereafter.
It may be noted that surgery was recommended, without which, the doctor testified, plaintiff would be subjected to the possibility of repeated episodes of twisting of the knee in the future, which danger would extend over a period of years. With surgery, it was said, it could be reasonably anticipated there would be a substantial reduction in the possibility of further similar injuries. Plaintiff nevertheless declined to submit to surgery.
Following the first injury, plaintiff, in the course of her treatment, was placed in a cast extending from her hip to her toes. She remained at home in bed in the cast for six weeks. Thereafter, the cast was removed and she was placed on crutches for an additional period of 12 weeks. This treatment and process was repeated following her second injury. She was again placed in a cast for six weeks, but thereafter remained on crutches for some 16 or 18 weeks. In treating the third injury, plaintiff was fitted with a knee brace, which she was wearing at the time of trial. Some permanent disability was noted by Dr. Bundrick in plaintiff's right leg and knee.
Mrs. Brown, 42 years of age at the time of the first accident, was the mother of four children by her husband from whom she was subsequently divorced.
In a determination of the awards, the trial court took into consideration plaintiff's refusal to accept surgery recommended by her physician and orthopedist, as well as the probable favorable effects that surgery would have had upon plaintiff's injuries and the likelihood of the prevention of their recurrence in the future. We find no error in this respect.
The special awards, including the charges for nursing services, are not seriously questioned. Their correctness was adequately established. We find no abuse of discretion in the items pertaining to pain, suffering, permanent disability, and the loss of earnings.
Plaintiff's recovery for nursing services is contested on the ground that "confusion" has resulted with respect to this item under LSA-C.C. Art. 2217, and that the right of defendant Wharton's surety to so contend was conferred by LSA-C.C. Art. 2218. The basis of defendant surety's contention in this respect is that Mrs. Wharton nursed plaintiff through her injuries, and, though she was a debtor of plaintiff in the action in tort, nevertheless she became her creditor, through a contract of employment, to the extent of the charges for nursing services. The first of the aforesaid articles provides:
"When the qualities of debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation."
The latter article, so far as pertinent, provides:
"The confusion that takes place in the person of the principal debtor, avails his sureties. * * *"
"Confusion" is a method of the extinguishment of an obligation. LSA-C.C. Art. 2130.
LSA-C.C.P. Art. 1005 provides:
"The answer shall set forth affirmatively * * * extinguishment of the obligation in any manner. * * *"
*914 This defense is not urged in defendants' answer or other pleadings. To urge the defense in brief or oral argument is insufficient to present the issue for consideration. The conflict in rights between Mrs. Wharton and her surety has not been made an issue in this cause and is not now before the court for adjudication.
For the aforesaid reasons, the judgment appealed is affirmed at defendants-appellants' costs.
Affirmed.