WATSON, Judge
ad hoc.
This is a “slip and fall” case. Plaintiff, Charles G. Dixon, visited the home of defendant, Tulos M. Dillon, a fellow resident of Bogalusa, Louisiana, at 8 or 9 p. m. on the evening of October 30, 1971. The Fire and Casualty Insurance Company of Connecticut is Dillon’s liability insurer under a homeowners’ policy. Plaintiff testified that he went to Dillon’s home to get him to do some work on his car, Dillon being a part-time mechanic. Plaintiff also testified that he was invited to enter the residence; entered through the front door; carried on a conversation with Dillon for approximately thirty minutes; and left through the back door. As he left, he slipped on the first back step and broke his right hand. There was no warning from Dillon, no hand rail, and plaintiff said the step was “slickey”. (TR. 50) Plaintiff also testified that after the accident, Dillon “ . . . told me that there was grease on the carport and he had scrubbed it and it was still wet.” (TR. 51) Plaintiff said he had confirmed with his hand that the steps “. . . were still wet, kind of greasy”. (TR. 51) The steps were a smooth painted concrete.
The trial judge rendered judgment dismissing plaintiff’s suit, and he has appealed from this adverse judgment. We affirm.
Counsel for plaintiff argues that plaintiff was a business invitee upon the property of defendant; that Dillon knew of the hazardous condition of the steps; and that Dillon breached his duty to plaintiff in failing to warn him of the danger.
Plaintiff’s unrefuted testimony establishes his status as an invitee on the premises.
*541 “An invitee is a person who goes upon the premises of another with the express or implied invitation of the occupant on the business of the occupant or for their mutual advantage. To the invitee the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.” Brown v. State Farm Fire & Casualty Company, 252 So.2d 909 at 911 (La.App. 2 Cir. 1971).
Plaintiff’s testimony was the only evidence at the trial, and it is possible that his evidence alone could establish his claim:
“It is well established that a single interested witness, when not contradicted by other testimony or facts known to be true, is sufficient to establish a preponderance of the evidence. Marks v. New Orleans Cold Storage Company, 107 La. 172, 31 So. 671, 57 L.R.A. 271.” Motors Insurance Corporation v. Marquette Casualty Company, 162 So.2d 47 at 48 (La.App. 1 Cir. 1964), writ refused 246 La. 79, 163 So.2d 357.
Dillon’s failure to testify raises a presumption that his testimony would have been unfavorable to the defense. Clifton Upholstery Co., Inc. v. Kayjun Industries, Inc., 254 So,2d 514 (La.App. 3 Cir. 1971).
However in a case where the plaintiff is the only witness, and where he has a history of being involved in “slip and fall” cases, we place considerable reliance on the trial judge’s evaluation of the plaintiff’s testimony.
Although the trial judge did not give written reasons for his judgment, he must have found plaintiff’s testimony either unconvincing or insufficient. Plaintiff’s testimony raised several unanswered questions which the trial judge may have found significant. These include whether the back stairs were lighted; what motivated plaintiff to leave Dillon’s residence by a different door than the one he entered; where the owner was at the time plaintiff left; and whether Dillon was aware that plaintiff was exiting by a different door.
Plaintiff’s case rested entirely on his uncorroborated testimony, and the trial judge had the benefit of hearing that testimony and judging his credibility. We find no manifest error in his dismissal of plaintiff’s suit.
All costs are taxed against plaintiff-appellant.
Affirmed.