SAVOY, Judge.
Plaintiff appealed to this Court from the judgment of the district court maintaining an exception of no right of action and an exception of no cause of action filed by defendant and dismissing plaintiff’s suit.
For a cause of action, plaintiff alleged that he went upon the business premises of defendant, who operates a wrecking yard, repair garage and service station, for the purpose of paying a bill which he owed the defendant, and while on the premises of said defendant, a truck tire which plaintiff alleged was mounted on the wheel, exploded, dislodging a steel retaining rim thereon with great force and causing the steel rim to strike plaintiff’s right elbow causing him serious bodily injury; that the said tire which caused the accident was leaning against the door on the premises belonging to defendant, and plaintiff was standing about six (6) feet from said tire when it ex *290 ploded. Plaintiff alleged that he did not know what caused the tire to explode and pled the doctrine of res ipsa loquitur as a basis for recovery in the instant suit.
Defendant filed an answer to the suit admitting the accident, but stating that one Wiley Brittain had left a truck tire mounted on its wheel at his place of business; that defendant had nothing to do with the tire; made no repairs to the rim or tire; and, that he was in no way responsible for the tire being there and had no control over it. Defendant then filed an exception of no right of action and an exception of no cause of action.
By stipulation of the parties, evidence was adduced and trial had on both exceptions.
The exceptions of no right of action and no cause of action are separate and distinct exceptions. The first questions the right of a litigant to dispute his interest in the subject matter of the proceeding. The second questions the sttfficiency of the allegations in the petition for obtaining the desired relief. Brooks v. Smith (La.App., 2 Cir., 1948), 35 So.2d 613; Martino v. Fairburn (La.App., 1 Cir., 1954), 71 So.2d 358.
An exception of no cause of action addresses itself to sufficiency in law of the petition and is triable on the face of the papers without any evidence being presented in the matter. Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847.
Evidence may be heard on an exception of no right of action.
In the instant case the attorneys for both sides stipulated that evidence would be adduced on both the exception of no cause of action and the exception of no right of action. In view of the stipulation of counsel, we will consider the evidence adduced on the exception of no cause of action.
The evidence reflects that on the morning of July 16, 1960, plaintiff went to defendant’s place of business for the purpose of paying a bill and that shortly after he arrived there, he was struck by a metal retaining rim which locked an inflated tire to a truck rim; that the truck rim suddenly disengaged and exploded, with the retaining rim striking plaintiff’s right elbow, at a time when the plaintiff was a short distance from the tire.
The defendant testified that he operated the business on the premises on which the accident occurred, and that he operated a garage repair and wrecking yard and also sold used tires on the premises. He testified that he had nothing to do with the tire except that it had been left in his garage by one Wiley Brittain.
It was also stipulated between the parties that if one Robert Desadier, an employee of defendant, would testify, his testimony would be substantially the same as that of defendant.
Wiley Brittain testified that he had left his truck at defendant’s place of business to have it repaired and that while the truck was there, he and another party had agreed to exchange cars, but each one was to keep his own tires. On direct examination, Brit-tain testified as follows:
“Q. Is that rim what you call a lock rim?
“A. Yes, sir.
“Q. Now, would there be any way whether you could tell if that rim was locked properly without taking it down and looking at it?
“A. Yes, sir, you get it on there and put air you can tell whether it’s locked.
“Q. Just by looking at it?
“A. Yes, sir.
“Q. Would you have any idea why the rim blew off ?
“A. No, sir.”
Brittain also testified that he did not own the rim involved in the accident in the instant case, but that it belonged to some other *291 person whose name he did not recall. The alleged owner of the rim was never called upon by defendant to testify in the instant case.
The evidence also discloses that the rim. with the mounted tire had been on defendant’s premises for three (3) days and he rolled it in and out of the premises night and morning, leaving it outside during the day and placing it inside his place of business when he closed. The defendant admitted that he knew of other occasions when tires exploded as in the instant case.
The district judge cited the case of Anderson v. London Guarantee & Accident Co. (La.App., 2 Cir., 1948), 36 So.2d 741, as his reason for deciding the case in favor of defendant. In the Anderson case, supra, plaintiffs, Anderson and Smith, were working in a service station owned and operated by one S. V. Veitch; that while plaintiffs were in the course of employment for Veitch, a truck and trailer owned by J. B. Johnson Company and operated by one George H. Talley, an employee, was driven into the Veitch service station. Talley requested Veitch to have a flat tire on the outside wheel of the rear dual wheels of the trailer unit removed and replaced with a spare. The spare tire was removed by Smith, and when tested, it showed an air pressure of 65 pounds. At Talley’s request, the tire was inflated to 75 pounds. The extra tire was left lying on the station floor for some 15 minutes until a jack was available. Then Smith and Anderson removed the flat tire and began to place the spare tire on the wheel. As Smith and Anderson were squatting down beside the wheel, the lug rim became disengaged with the result that the wheel was forced back into the faces of the two plaintiffs, causing serious injuries.
The plaintiffs in the Anderson case, supra, invoked the doctrine of res ipsa loquitur. The trial judge likewise applied the doctrine in deciding the case in favor of plaintiffs and awarding them money judgments. The defendant appealed the case, and the court of appeal reversed the judgment of the district court and dismissed plaintiffs’ suit. The appellate court stated that while the doctrine of res ipsa loquitur applied and the plaintiff had made out a prima facie case, the defendant had overcome this presumption for the reason that the owner of an automobile delivering it to a repairman for repairs owes to him the duty of disclosing any defect in the mechanism which may render it unsafe or dang'erous of which such owner had knowledge, but does not owe to him the duty to employ the skill of an expert mechanician to make an examination to discover such defect before delivering the automobile for repairs.
The Anderson case, supra, is distinguishable from the instant case for the reason that in the instant case, one of the defendant’s witnesses, Wiley Brittain, testified that upon a simple inspection of the rim and tire, it was possible to determine whether it was defective or not.
The plaintiff, being an invitee on the premises of defendant, was owed by defendant a duty to keep the premises of his place of business in a safe condition.
In the case of Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So.2d 781, the Supreme Court applied the doctrine of res ipsa loquitur in an action for damages by plaintiff to his rice crop allegedly caused by the explosion of a charge of dynamite in the rice field by defendant while conducting seismographic tests allegedly causing a portion of the levee to break and collapse and causing the water to flood the rice crop. The court went on to state that the doctrine of res ipsa loquitur must be applied to a case if the accident which damaged plaintiff was caused by an agency or instrumentality within actual or constructive control of defendant, if accident is of a kind which ordinarily does not occur in the absence of negligence, and if the evidence as to the true explanation of the accident is more readily accessible to defendant than to plaintiff.
The facts in the instant case are stronger than those in the Langlinais case, supra, in *292 which case the doctrine of res ipsa loquitur was applied.
For the reasons assigned, the judgment of the district court is reversed, and the case is remanded to said court for further proceedings consistent with the views expressed herein. Costs of this appeal to be paid by defendant. All other costs to await final determination of the case.
Reversed and remanded.