SAMUEL, Judge.
Inell Moore, wife of, and Joseph Fabre filed this suit for personal injuries and damages allegedly incurred when Mrs. Fabre slipped and fell in a pool of water in a store. operated by the defendant, B. F. Goodrich Company. Defendant’s answer denies negligence on its part and alternatively pleads contributory negligence. The defendant also filed a third-party demand seeking, in the event of a judgment in favor of plaintiff, contribution and/or indemnity against Calvin Kissie and his automobile liability insurer, Liberty Mutual Insurance Company. The third-party petition alleges Kissie negligently had driven his car into defendant’s building causing damage which resulted in the pool of water being present and therefore caused Mrs. Fabre’s accident.
After trial there was judgment in favor of Mrs. Fabre and against Goodrich in the amount of $2,000 for her pain and suffering in favor of Mr. Fabre and against Goodrich in the amount of $440.20 for medical expenses, and in favor of the two third-party defendants and against Goodrich, dismissing the latter’s third-party demand. Goodrich has appealed. In this court appellant contends, alternatively : (1) there was no fault on its part; (2) Mrs. Fabre was guilty of contributory negligence; and (3) the negligence of Kissie was the cause, or a contributing cause, of the accident in suit thus making the two third-party defendants liable to Goodrich for indemnity or contribution. Mrs. Fabre has answered the appeal seeking an increase in her award for pain and suffering.
There is little or no serious conflict in the evidence regarding the material facts involved in the occurrence of the accidents. We find those facts to be as follows:
Mrs. Fabre’s accident occurred during the early afternoon in the service area of a Goodrich tire and auto accessory store on the St. Bernard Highway in Arabie, Louisiana. Shortly before 12 o’clock the preceding night Kissie had lost control of his automobile while driving south on the highway. The car had jumped the median, crossed over the highway’s northbound lanes and crashed into the store’s service area. The record contains no evidence of any reason for Kissie’s accident except that, as he admitted, he had been drinking. The automobile went through a closed door and ran into a row of appliances crated in cardboard cartons. The last carton in the row was forced against a water faucet, turning the faucet on. The store was closed at the time and it was several hours before parish deputies and a Goodrich employee entered the premises, discovered the running water and turned the faucet off. In the meantime the service area became flooded and the cartons become water-soaked. The following day store personnel cleaned a considerable amount, but not all, of the glass and debris resulting from the accident. They also mopped the concrete floor of the service area at least four *619 times. The repeated mopping operations were required because the cardboard cartons had become water-soaked and continued to seep water during the entire day; after the area had been dried by mopping it gradually became wet again from the seeping water.
Under normal conditions store customers were allowed to enter the premises through the service area. After the automobile accident the store manager instructed the employees to keep customers out of that area. However, no barriers, warning signs or other safeguards were used by the store for the pretection of its customers.
Mrs. Fabre accompanied her daughter and son-in-law to the store as customers. They entered by walking through the service area to a glass door in the rear of that area. No one stopped them from entering through the service department and in doing so they crossed the exact area where Mrs. Fabre’s fall subsequently occurred. At the time of their entry there was obvious evidence of the automobile accident but there was no water on the concrete floor, which must have been dried by a comparatively recent mopping.
Upon entering the sales area the son-in-law asked to see a particular salesman who happened to be at lunch at the time. They waited for that salesman for more than an hour during which time they walked through the sales area. Mrs. Fabre also sat in a waiting room next to the door through which they had entered from the service department. There was less light on the service area side of the door than there was on the waiting room side.
When the salesman arrived the son-in-law made two purchases, one of which was a battery for his car. Then the four persons went into the service area, through the door just mentioned, for the purpose of having the battery put into the car. The salesman led the way. He was followed by the son-in-law, the daughter and Mrs. Fabre in that order. At that time water had collected near the door where it formed a pool estimated by the witnesses to be approximately three and one-half square feet in size. The water contained some oil. In part because of the damages caused by Kissie’s automobile, it was impossible for them to reach their destination without walking through the pool of water. The salesman, the son-in-law and the daughter noticed the pool. Mrs. Fabre did not see the pool until after she had fallen and no one called her attention to the water. When she had gone approximately three steps, or slightly more than two' feet, from the door she stepped into the water, slipped and fell.
The applicable general law relative to the duty owed by the defendant Goodrich to Mrs. Fabre is quite clear. Mrs. Fabre was an invitee to. whom Goodrich owed the duty of providing reasonably safe premises for her use. Sykes v. Great Atlantic and Pacific Tea Company, La.App., 206 So.2d 541; Aguillard v. Home Insurance Co., La.App., 203 So.2d 746; Dykes v. Champagne, La.App., 200 So.2d 921; Provost v. Great Atlantic and Pacific Tea Co., La.App., 154 So.2d 597; Savell v. Foster, La.App., 149 So.2d 210; Longlois v. Ackel, La.App., 146 So.2d 289; Campbell v. All State Insurance Co., La.App., 112 So.2d 143; Dyer v. Stevens Buick Company, La.App., 125 So.2d 185.
Appellant’s first contention, that there was no fault on its part, is without merit. The premises damaged by the Kis-sie automobile obviously were unsafe for use by Goodrich customers, a fact recognized by the store manager who had instructed store employees to keep customers out of the area. Goodrich breached the duty it owed to Mrs. Fabre by permitting her to enter the unsafe area, in fact leading her into that area, without warning her of the presence of the pool of oily water or other dangers.
Nor do we agree with appellant’s second contention, that Mrs. Fabre was guilty of contributory negligence which would bar a plaintiff recovery. It is true that the three people who preceded her did see the pool *620 of water and she failed to do so prior to her fall. It is also generally true, as appellant argues, that an invitee may be guilty of contributory negligence for failing to observe and appreciate dangers which he or she reasonably should have observed and appreciated.
However, under the facts of the instant case we are satisfied that Mrs. Fabre was not guilty of contributory negligence in failing to notice the pool of water prior to her fall. She reasonably could have believed that the path she was to traverse was not dangerous and there was no basis for any suspicion regarding the presence of a pool of oily water. She had crossed the same area over the same path less than two hours before when the water was not there and she could have relied upon the Goodrich employee, who led her through the area, not to lead her into a dangerous condition without , at least warning her. In addition, the record does not reveal that the three persons who preceded her in fact noticed the pool of water prior to actually stepping into it and Mrs. Fabre slipped and fell immediately upon stepping into the pool.
We also find no merit in appellant’s third contention, that the two third-party defendants, Kissie and his automobile liability insurer, are liable to appellant for indemnity or contribution because the negligence of Kissie in driving his car into the Goodrich store was a contributing cause of Mrs. Fabre’s accident.
Negligence is actionable only when it is a proximate cause of the damage claimed. The proximate cause has been defined as that cause which, in a material and continuous sequence, unbroken by any new and independent cause, produces injury. Scott v. Claiborne Electric Cooperative, La. App., 13 So.2d 524; Cavaretta v. Universal Film Exchanges, La.App., 182 So. 135. If, in the sequence of events between the original negligence and the injury, an entirely independent cause intervenes which is of itself sufficient to stand as the cause of the accident, the second cause is the proximate cause of the accident and the original negligence is not the proximate cause. Picou v. J. B. Luke’s Son, 204 La. 881, 16 So.2d 466.
Here appellant’s negligence, which we have pointed out above, was an entirely independent and intervening cause of the accident in suit. The negligence of Kissie was not a proximate cause of that accident for which neither he nor his insurer can be held liable.
With regard to Mrs. Fabre’s answer to Goodrich’s appeal contending the award for pain and suffering is inadequate and should be increased, her treating physician, a general surgeon, testified she sustained an acute strain of the right sacroiliac joint, a lumbosacral sprain, a contusion and sprain of the right hip joint, and contusions in the area of' the coccyx and lower most end of the spine. She was hospitalized on the day following the accident, discharged after an uneventful stay of ten days, and was treated-as an outpatient for approximately three and one-half months. She continued to have complaints following that time but she also has some medical problems unrelated to the accident. Defendant’s medical expert, an orthopedic specialist, examined Mrs. Fabre a month and one-half after the accident. In his opinion at that time she was asymptomatic, there was no objective evidence of orthopedic disease in the lumbar spine and no evidence of sequela from the accident. His examination was objectively and subjectively negative.
Under these circumstances we are of the opinion that the trial court award of $2,000 to Mrs. Fabre for her pain and suffering is not so inadequate as to constitute an abuse of the “much discretion” vested in the trial court in awarding damages for personal injuries.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.