DUFRESNE, Judge.
This is an appeal from an order of the trial court granting a Motion for Summary Judgment and sustaining an Exception Of No Cause Of Action brought by the defendant, Williams-McWilliams Co., Inc., dismissing the corporation as a third-party defendant. The appeal before this court comes from a judgment in three consolidated cases.
The plaintiffs in this consolidated matter sued multiple defendants for personal injuries and wrongful death, allegedly caused by a vehicular collision on May 27, 1979, under the following circumstances.
On April 6, 1979, the barge Diesel Dredge, owned by defendant, Williams-McWilliams, struck and damaged the Wagner Bridge on Louisiana Highway 3134 over Bayou Barataría in Jefferson Parish. On that same date, the defendant, Louisiana Department of Transportation and Development placed barricades and barrels on the bridge, diverting and affecting southbound traffic. On the date of the accident, defendant, Dale Martin was crossing the crest of the Wagner Bridge, and allegedly was forced into another lane by the barricades. When Mr. Martin was across the center line of the bridge, his vehicle struck an automobile being driven by Gloria Ronq-uille. Gloria and Peter Ronquille were killed instantly, as was Mr. Martin. The survivors of this terrible accident and their representatives have brought these various suits, all of which have been consolidated for trial.
The plaintiffs contend the immediate cause of the accident was Dale Martin’s illegal and negligent crossing of the center line into the opposing lane of traffic. Among the many defendants whose negligence is cited as contributing to the accident, the plaintiffs named Williams-McWil-liams Co., Inc. As an original defendant, Williams-McWilliams’ only nexus with the automobile collision was that on the 6th day of April, 1979, seven weeks prior to the subject accident, the barge owned by them struck and damaged the Wagner Bridge, located on Louisiana Highway 3134. The plaintiffs assert liability against Williams-McWilliams based on the theory that they “breached their duty in their failure to adequately warn vehicular traffic on said highway after the collision of April 6,1979, and thereby creating an unusually hazardous condition on a Louisiana highway, or, if necessary, to close said bridge until repairs were made.” Plaintiffs further alleged that the automobile collision of May 27, 1979, was caused by the joint negligence of various defendants, specifying the alleged negligence of Williams-McWilliams to be the following:
“1.) In failing to adequately warn traffic on the Wagner Bridge after the damage caused by the barge ‘Diesel Dredge’ on April 6, 1979;
“2.) In causing damage to the Wagner Bridge which resulted in a diversion of traffic for their intended lane of travel which condition existed on May 27, 1979;
“3.) Any and all other acts of negligence in construction and design which may be proved at the trial of this matter.
In short, original plaintiffs’ alleged cause of action against Williams-McWilliams rests entirely upon two facts: that Williams-McWilliams damaged the bridge on *1128 April 6; that this damage created a hazardous condition of which Williams-McWil-liams failed adequately to warn the bridge traffic after the accident; and that this failure caused the collision of May 27th.
The original petition also alleged that the Louisiana Department of Transportation and Development (Department) had been notified of the bridge damage immediately and had, during the seven weeks before the auto accident, taken various steps to barricade the damaged bridge and divert traffic.
The original plaintiffs assert in their Petition For Damages that the State of Louisiana, Department of Transportation and Development (Office of Highways) was notified of the damage on April 6, 1979, very shortly after the alleged collision between the barge and the bridge, and that the Department that day “dispatched ... a crew to place barricades and barrels at the Wagner Bridge.”
The petitions further allege that the Department dispatched the crew “for the express purpose of altering the course of traffic and installing warning devices, indicating there was road construction ahead and diverting traffic”.
Contained in the Ronquille and Smith petitions, the plaintiffs affirmatively alleged “that the diversion of traffic created by the ... Department ... created a hazardous condition for traffic on ... [the] Wagner Bridge and detoured traffic “was caused by the damage which the Wagner Bridge sustained when it was struck by the barge ‘Diesel Dredge’ ”. Creppel’s petition alleged that “due to the barrels and barricades being placed on the bridge, a condition of confusion and danger was created which contributed to or caused traffic on the bridge and especially southbound traffic to be endangered” on May 27th.
In response to requests for admission, the Department has admitted the bridge roadway is a state highway, owned and maintained by the State.
Williams-McWilliams filed an exception of no cause of action to plaintiffs’ Petition for Damages contending that the alleged intervening negligence of an intervening party, i.e., the State of Louisiana through the Department of Transportation and Development, supersedes the alleged negligence of defendant, Williams-McWilliams and thus destroys any proximate causal relationship to the May 27, 1979, accident.
By judgment of November 25, 1980, that exception was maintained, and Williams-McWilliams was dismissed from the consolidated litigation. Plaintiffs did not perfect an appeal from this judgment.
The trial court, in maintaining the exception, held that the. intervening alleged negligence of the Department made Williams-McWilliams a remote cause and not a proximate cause of the accident. The trial court concluded that negligence is actionable only when it is a proximate cause of the damage claimed.
Consequently, in January, 1983, the Department, also an original defendant, filed a third-party demand against Williams-McWilliams, alleging essentially the same cause of action as the plaintiffs had. Williams-McWilliams filed an identical exception, urging dismissal on the same grounds.
The State, in its original third-party demand and in its amended third-party demand blames Williams-McWilliams Co., Inc. for the following:
1. Causing damage to the bridge which created a hazardous situation which set in motion necessity for the diversion of traffic.
2. Negligently striking the outside of the bridge causing an unsafe condition to exist on the bridge level, commencing a chain reaction and/or the necessity for the diversion of traffic, which allegedly caused the accident on a subsequent date.
3. But for the negligence of Williams-McWilliams Co., Inc., the diversion of traffic and the resulting accident would not have occurred.
4. That the placement of barrels and the diversion of traffic was a direct relationship to the negligence of Williams-McWilliams Co., Inc.
*1129 Additionally, Williams-McWilliams also filed a motion for summary judgment, affirmatively showing that the Department had immediate notice of the bridge damage from the April 6th accident. The affidavit attached to the motion for summary judgment shows that within a week of the April 6th accident, the Department had notice of the bridge damage and was working on repairs. The Department has not denied it received the notice, or that it had undertaken diversion of traffic and bridge repairs long before the auto accident. There is, therefore, no material issue of fact. The Department received immediate notice of the bridge damage of April 6th, and had begun to repair it before the accident of May 27th.
The trial court, reiterating and adopting its earlier reasons for dismissing original plaintiffs’ Petition For Damages against Williams-McWilliams, dismissed the third party demand of the Department. The Department has perfected this appeal.
The Department assigns the following specifications of errors:
1. The trial court committed error when it granted a summary judgment dismissing Williams-McWilliams Co., Inc. as a third party defendant.
2. The trial court committed error when it concluded that there were no material issues of fact and of law.
3. The trial court committed error when it sustained the no cause of action filed by Williams-McWilliams Co., Inc.
We agree with the decision of the trial court and thus affirm its decision.
There is no dispute of fact as to the essential elements of this case, as they bear on Williams-McWilliams’ motion for summary judgment. The accident in which Williams-McWilliams allegedly damaged the Wagner Bridge occurred on April 6, 1979, and the fatal auto accident happened on May 27, 1979. These facts have been established through the pleadings. Nor is there any dispute that the Department had almost immediate notice of the nature and extent of the damages to the bridge after the April 6th accident.
The Department’s third-party demand against Williams-McWilliams is for indemnity or contribution for any judgment in favor of the plaintiffs against the Department. Thus, the allegations that the Department had notice and had begun repairs must be taken as true; if they are pot, the Department would have no liability and thus, no judgment on which to be indemnified. More important, the Department has not filed an affidavit in response to the motion for summary judgment attempting to negate that it had ample notice of the bridge damage, or that it had begun repairs long before the automobile accident.
When a motion for summary judgment is filed and it is established both that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, the adverse party (as here, the Department) cannot rest on the allegations of its pleadings, but must set out in evidence with depositions or opposing affidavits, giving specific facts that show a genuine issue of fact exists for trial. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976); Mashburn v. Collin, 355 So.2d 879 (La.1977) and Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.1977).
The trial court concluded and we likewise agree that there is no genuine issue of material fact for trial and that the defendant-mover is entitled to judgment on the facts before this court, the motion for summary judgment is affirmed.
We agree with the trial court that there is absent any conduct on part of the defendant, Williams-McWilliams which could legally be construed as the proximate cause of the May 27th accident.
It may be true that one who creates an obstruction or other dangerous condition on a state highway has a duty to post adequate emergency warning, Page v. Green, 306 So.2d 847 (La.App. 2nd Cir. 1975).
*1130 But this duty lasts only until the Department is notified.
Once the Department is notified of the condition, it has a mandatory duty, imposed by statute, to “maintain, repair and regulate the use of public transportation systems, and to perform such other functions with regard to public highways, [and] roads ... as may be conferred on the Department by applicable law,” LSA-R.S. 48:21. This duty includes the repair of any damage or obstruction of which the Department has notice, whether the hazard was created by Department action or not, Robertson v. Handy, 354 So.2d 626 (La.App. 1st Cir.1978) “as quickly and expeditiously as possible under the prevailing circumstances,” Porta v. State, State Board, 242 So.2d 64 (La.App. 1st Cir.1970).
The law gives the Department all the authority necessary to fulfill this duty, including mandatory authority to supervise and regulate all traffic on highways, LSA-R.S. 32:2 and to promulgate uniform regulations for traffic, LSA-R.S. 32:21. Further, the law requires all motorists to obey all traffic control devices placed by the Department, LSA-R.S. 32:56(B), under penalty of criminal sanctions, LSA-R.S. 32:57.
More important here, once the Department acted, only the Department or its contractor had authority to close the highway or reroute or control traffic to cope with the hazard, LSA-R.S. 48:346 and LSA-R.S. 32:261.
Once the Department was notified and assumed control, the law strictly prohibited anyone, including Williams-McWil-liams, from attempting to exercise any control over traffic on the highway, either by erecting any warning signs or devices, or by changing or interfering with remedial measures taken by the Department, LSA-R.S. 32:236, 237.
Thus, from the moment the Department took over the marking and repair of the damage caused by the maritime collision of April 6, 1979, the Department alone had the duty and the authority to mark the danger area adequately and to make repairs. Williams-McWilliams not only had no duty to warn the traveling public or make repairs, but was actually prohibited, under threat of criminal sanctions, from doing so.
The alleged negligence of the Department in failing to fulfill its responsibility of “properly detouring traffic or closing the roadway,” and by so doing “creating a confusing route”, is an efficient intervening cause, so that any possible negligence of Williams-McWilliams, seven weeks before the accident, was only a remote cause. And “negligence is actionable only when it is a proximate cause of the damage claimed”, Fabre v. B.F. Goodrich Company, 218 So.2d 617 (La.App. 4th Cir., 1969).
In Fabre, the court stated:
“Proximate cause has been defined as that cause which, in a material and continuous sequence, unbroken by any new and independent cause, produces injury. If, in the sequence of events between the original negligence and the injury, an entirely independent cause intervenes which is of itself sufficient to stand as the cause of the accident, the second cause is the proximate cause of the accident and the original negligence is not the proximate cause.” Fabre v. B.F. Goodrich Co., supra.
It is important to note that the fatal accident which is the subject of this appeal occurred seven weeks subsequent to the maritime collision involving the Williams-McWilliams barge. During this time, the Department involved itself on the scene of the accident and instituted the necessary measures to insure the safety of the motoring public.
We conclude that the Department’s conduct, its acts of commission and omission, was an intervening and superceding cause of the May 27th accident, which would preclude liability on the part of the defendant, Williams-McWilliams. If there was any negligence on the part of Williams-McWil-liams, it would at most, be but a remote cause.
*1131 For the above reasons, the judgment of the trial court dismissing the third-party demand is affirmed and these matters are remanded to the trial court for further proceedings.
AFFIRMED AND REMANDED.