503 So.2d 190 (1987)
Charles E. GORDON
v.
COMMERCIAL UNION INSURANCE COMPANY, et al.
No. CA-5769.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Rehearing Denied March 19, 1987.
Writ Denied May 29, 1987.
*191 Edmond R. Eberle, New Orleans, for plaintiff/appellant.
Okla Jones, II, City Atty., Elmer G. Gibbons, III, Bowdre Banks, Deputy City Attys., New Orleans, for defendant/appellee, City of New Orleans.
Kimberly A. Diamond, New Orleans, for defendants/appellees, John E. Jones & Commercial Union Ins.
Kevin O'Bryon, Marta Schnabel, Hammett, Leake & Hammett, New Orleans, for defendant/appellee, Boh Bros. Const. Co.
Before BARRY, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
This appeal arises out of a judgment rendered in favor of Charles Gordon, Jr. (Gordon) and against John E. Jones (Jones) and his liability insurer, Commercial Union Insurance Company, for damages sustained by Gordon as a result of an automobile collision between his vehicle and Jones' vehicle.
Co-defendants with Jones were his employer, Boh Brothers Construction Company (Boh Brothers) and the City of New Orleans (the City). Gordon asserted that *192 Boh Brothers and the City were equally liable with Jones on the theory of employer liability for the negligent acts of an employee, and their own negligence in creating a dangerous traffic condition and failing to properly warn of the dangerous condition, respectively.

FACTS:
On January 30, 1984, during the early morning hours, Gordon and Jones were driving their private vehicles along France Road in the City of New Orleans to their respective places of employment. It was shortly before dawn and weather conditions were hazy. Gordon was driving north and Jones was driving south. Jones, an employee at Boh Brothers asphalt plant located at 4045 France Road, upon arriving at the plant entrance executed a left turn in an attempt to enter the plant driveway located adjacent to the road. It was during the execution of this turn, that the vehicles collided. Gordon sustained back, wrist, facial and dental injuries as a result of the collision.
The trial court found Jones 75% negligent for failing to exercise the high degree of care required of a left turning motorist and Gordon 25% negligent for failing to exercise reasonable care and failing to use his headlights.
The trial court further found that Jones was not within the course and scope of his employment with Boh Brothers at the time of the accident, and that Boh Brothers did not create a dangerous traffic condition at the plant entrance. All demands against Boh Brothers were dismissed.
The trial court also found the City had no duty to the public to install signs, traffic signals or other traffic devices at the plant entrance and dismissed all demands against the City.
The trial court awarded damages in the amount of $19,286.00 less 25% for Gordon's comparative negligence. This amount consisted of $3,826.00 in medical specials, $4,460.00 in lost wages and $11,000.00 for pain and suffering.
Gordon appeals the trial court's judgment alleging the following assignments of error:
I. The trial court erred in attributing 25% of the accident to plaintiff Charles Gordon.
II. The trial court erred in failing to find that defendant John E. Jones was acting in the course and scope of his employment with Boh Brothers at the time of the accident.
III. The trial court erred in failing to find Boh Brothers independently negligent for creating and maintaining a dangerous entrance that contributed to the accident.
IV. The trial court erred in failing to find the City of New Orleans negligent in its failure to properly monitor, analyze, designate or take any affirmative measures to reduce the possibility of an accident at this entrance.
V. The trial court erred and abused its discretion in assessing plaintiff's damages which assessment should be increased.

ASSIGNMENT OF ERROR I.
Gordon asserts that the trial court's finding that he was 25% negligent in causing the accident was error and submits that he was free from negligence. We disagree.
In cases involving issues of comparative fault, the trier of fact is required to make an allocation of percentage of fault to the responsible parties. In determining the percentage of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed. Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967 (La.1985).
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, *193 (4) the capacity of the actor, whether superior or inferior, and (5) any extenuating circumstance which might require the actor to proceed in haste, without proper thought. Watson, supra.
It is well settled that the allocation of comparative negligence is a factual matter lying within the discretion of the trial court, and such determination will not be disturbed on appeal in the absence of manifest error. Rawls v. Morris, 470 So.2d 531 (La.App. 1st Cir.1985). When there is evidence before the trier of fact which, upon its evaluation of credibility furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. In other words, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Canter v. Koehring, 283 So.2d 716 (La.1973). Further, in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the Supreme Court amplified and further delineated the standard thusly:
"Manifestly erroneous in its simplest terms, means `clearly wrong'. We said, then, that the appellate court should not disturb such a finding of fact unless it is clearly wrong."
La.R.S. 32:301 requires a motorist to employ the headlamps on his vehicle "... at any time between sunset and sunrise and at any other time when, due to insufficient light or unfavorable atmospheric conditions, persons and vehicles on the highway are not clearly discernible at a distance of 500 feet ahead, ...." The obligation upon the highway driver to have lights on is imposed not only in order to enable him to see others in his path, but also in order to enable others to see his vehicle. Bradley v. Tripkovich, 415 So.2d 999 (La.App. 4th Cir.1982). An unlighted vehicle moving upon the highway at night constitutes an unexpected or unusual obstruction to an approaching motorist. Stutts v. Sistrunk, 245 So.2d 721 (La.App. 3rd Cir.1971), writ den. 258 La. 578, 247 So.2d 395.
The record reveals there was conflicting testimony as to the visibility on the road. Gordon testified it was daylight at the time of the accident. He stated he had his parking lights on but not his headlights. Jones testified it was still dark and hazy. Jones testified he had his headlights, turn signal and windshield wipers on at the time of the accident. In finding Gordon 25% negligent, the trial court stated:
"Firstly, Gordon, in reply to questions by counsel and the court, would never fix with any measurable distance how far he was from the Jones vehicle when he first saw it.
The road is straight for quite a distance in the direction from which Gordon was approaching and no obstacles hampered his vision. If, as he contends, it was light he advanced no reason why he did not see the Jones vehicle before the collision.
Secondly, Gordon had his park lights on and absent a reasonable explanation we must conclude there was a need for them to be on. Parks lights are for one purpose only  to mark a parked car. They are not intended for nor do they satisfactorily substitute for nor serve the purpose of head lights.
Gordon failed to maintain a reasonable look out and reasonable lighting on his vehicle. This violated his duty as a driver to look and see whatever the exercise of reasonable care would have him see.
This court finds him negligent and his negligence a proximate cause of the accident. Further that this negligence contributed 25% to the cause of the accident."
We find no manifest error in the ruling of the trial court. The record clearly supports the trial court's findings.

ASSIGNMENT OF ERROR II:
Gordon asserts the trial court erred in failing to find Jones was acting in the course and scope of his employment at the time of the accident thereby rendering Boh *194 Brothers vicariously liable pursuant to the doctrine of respondeat superior. C.C. Art. 2320. We disagree.
An employee, in going to and from work, is not considered as acting within the course and scope of his employment to such an extent as to render his employer liable to third persons for the employee's negligent acts. Wills v. Correge, 148 So.2d 822 (La.App. 4th Cir.1963), writ den. 244 La. 147, 150 So.2d 768.
Among the factors to be weighed in determining an employer's responsibility for the tort of an employee are:
"... the time, place and purpose of the act in relation to service of the employer, the relationship between the employee's act and the employer's business ... and the reasonable expectation of the employer that the employee would perform the act." Michaleski v. Western Preferred Casualty Company, 472 So.2d 18 (La.1985) at 21, citing Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985).
Several undisputed facts are pertinent to a finding that Jones was not acting within the course and scope of his employment at the time of the accident  (1) Jones' workday had not yet begun; (2) Jones was not on Boh Brothers premises at the time of the accident; (3) Jones was driving his personal vehicle; (4) Jones was not earning his salary at the time of the accident; (5) Jones was not performing any duties for his employer at the time of the accident and (6) Jones was not compensated either with travel pay or mileage at the time of the accident.
Accordingly, the trial court's determination that Jones was not acting within the course and scope of his employment is supported by the law and the evidence and is not clearly wrong.

ASSIGNMENT OF ERROR III.
Gordon asserts the trial court erred in failing to find Boh Brothers negligent for creating and maintaining a dangerous entrance adjacent to a public road. Gordon advances his theory on the basis of the everyday industrial character of the traffic entering and exiting the driveway, the free parking given to its employees and the lack of signs or signals notifying motorists of the existence of the plant entrance. A review of the record shows there is simply a lack of evidence to substantiate this theory of liability.
The plant entrance consists of an ordinary asphalt driveway utilized by a variety of passenger vehicles, trucks and heavy equipment. The mixed use of the driveway is totally irrelevant. There was not a scintilla of evidence that the number and type of vehicles using the entrance created traffic congestion, traffic delays or obstructions to Gordon's view at the time of the accident.
In addition, there is absolutely no evidence to show that the lack of a sign or signal device at the plant entrance contributed to the accident or that Boh Brothers breached any duty in not providing same. The duty to assess the necessity of traffic control devices, and to post signs or signals as appropriate, is on the State or other governmental authority maintaining the highway or street. La.R.S. 32:235; Wall v. American Employers Insurance Co., 215 So.2d 913 (La.App. 1st Cir.1968), writ den. 253 La. 325, 217 So.2d 415. An entrance from private property onto a highway may be regulated, but the authority to regulate the entrance resides strictly with the governing authority maintaining the highway. La.R.S. 48:344; Ronquille v. Martin, 449 So.2d 1126 (La.App. 5th Cir.1984). See also, La.R.S. 32:236.

ASSIGNMENT OF ERROR IV:
Gordon maintains the trial court erred in not finding the city negligent for failing to take some measure to prevent accidents at the plant entrance. We disagree. The evidence clearly shows the proximate cause of the accident lies with the two drivers.
The record is devoid of any evidence that either driver was distracted by other activities, unusual road characteristics or obstructions at the plant driveway. In fact, the evidence is clear that there was no other activity going on at the time of the accident. No dangerous traffic condition *195 existed at the plant entrance at the time of the accident. Even assuming arguendo that a dangerous condition did exist, the City would not be liable. France Road is neither owned by nor maintained by the City. France Road was created and dedicated by the Board of Commissioners of the Port of New Orleans pursuant to an agreement with the City embodied in Ordinance No. 12,912 C.C.S., March 18, 1931. This ordinance provided that various streets be closed to provide port facilities along the Industrial Canal. In consideration for these facilities, the Board dedicated for public use France Road and agreed to pave and maintain said roadway. The Board is an autonomous state agency outside of the control of the City. La.R.S. 34:1; Board of Commissions for the Port of New Orleans v. New Orleans, 112 La. 1011, 35 So. 837 (1904).

ASSIGNMENT OF ERROR V.
Gordon maintains his damage ward for pain and suffering should be increased. We disagree.
The trial court awarded Gordon the sum of $19,286.00, less 25% for his comparative negligence. Of this amount $11,000.00 constitutes damages for pain and suffering.
The trial court is afforded much discretion in the awarding of damages, and his determination will not be disturbed absent an abuse of discretion. In such a case, an award will only be raised to its lowest reasonable point or lowered to its highest reasonable point. Reck v. Stevens, 373 So.2d 498 (La.1979). In setting the amount for pain and suffering, the trial court stated, "The medical evidence shows Gordon fully recovered from the back and wrist sprains without incident or residuals during a nine month period. The last finding of Dr. Nutik would suggest an attempt at malingering. His pain and suffering is properly compensated at $7,000.00."
"There is residual damage to a least five teeth and pain and suffering. Adequate compensation for the lips and mouth is $4,000.00."
We find no abuse of discretion in the amount of the damage award for pain and suffering. The award for dental damages is not greatly disproportionate to past awards for similar injuries. Gaspard v. Breaux, 413 So.2d 288 (La.App. 3rd Cir. 1982).
The trial court's award for lost wages clearly reveals an error in its calculations which are corrected as follows pursuant to La.C.C.P. Art. 1951(2).
The evidence showed Gordon worked 40 hours per week at $6.56 per hour and lost 17 days of work as a result of his injuries. Assuming Gordon worked 8 hours per day, 5 days per week, the correct calculation would be to multiply 8 X $6.56 X 17 for a total of $892.16 rather than $4,460.00.
For the foregoing reasons the judgement of the trial court is reversed as to the amount of lost wages and the correct amount of $892.16 is awarded less 25% for Gordon's comparative negligence. In all other respects the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.