708 So.2d 1254 (1998)
Barbara WASHINGTON and Russell Gros
v.
AVONDALE INDUSTRIES, INC., et al.
No. 98-C-0362.
Court of Appeal of Louisiana, Fourth Circuit.
March 18, 1998.
*1255 Gregory P. Dileo, New Orleans, for Plaintiff/Relator Kathleen Monju.
Zara Zeringue, Leonard L. Levenson, Weigand, Levenson & Costa, New Orleans, for Plaintiff/Relator Russell Gros.
Leonard J. Cline, Jr., Metairie, for Plaintiff/Relator Barbara Washington.
Brian C. Bossier, Mickal P. Adler, Elise F. Buie, Blue Williams, L.L.P., Metairie, for Defendant/Respondent Avondale Industries, Inc.
Before BARRY, ARMSTRONG and CIACCIO, JJ.
ARMSTRONG, Judge.

STATEMENT OF THE CASE
We grant the application for supervisory writs filed by the plaintiffs, Barbara Washington, Russell Gros, and Kathleen Monju, to consider the correctness of the trial court's judgment granting defendant Avondale Industries, Inc.'s motion for partial summary judgment. The trial court concluded Avondale was not vicariously liable for the actions of its employee, Henrietta McLain.
This litigation arises from a three vehicle collision which occurred on January 30, 1994, at approximately 3:00 p.m. As Ms. McLain exited Avondale's plant, she turned onto Louisiana Highway 18 and apparently caused a collision with two other vehicles. Russell Gros and Melvin Washington (Barbara Washington's son) were passengers in a vehicle driven by Gustavo Pena. Kathleen Monju drove the other vehicle. Melvin Washington and Gustavo Pena were killed in the accident. Gros and Monju sustained serious injuries. Named as defendants in the lawsuits were McLain, Clarendon America Insurance Company (McLain's insurer), GEICO (McLain's insurer), Avondale, the State of Louisiana, the estate of Gustavo Pena, and Western United Insurance Company (Pena's insurer).
Defendant Avondale filed a motion for partial summary judgment alleging that it was not vicariously liable for McLain's tortious actions in causing the accident. After a hearing on the motion, the trial court, on December 15, 1997, rendered judgment granting Avondale's motion for partial summary judgment. The trial court stated:
Avondale's motion for partial summary judgment concerning its liability in respondeat superior is granted.
The "threshold" doctrine argued by plaintiff extends compensation coverage to employees going to or from work over hazardous terrain. It is an extension of compensation coverage only. The doctrine has no relation whatsoever to the issue of respondeat superior. An employer is not responsible to a third party victim damaged by the tort of the employee after the employee leaves the premises and is not otherwise in the course and scope of employment.
Plaintiffs informed the trial court of their intent to seek supervisory writs of review. The trial court originally granted plaintiffs until January 30, 1998 to file their writ application. Subsequently, the trial court extended the return date to February 16, 1998. Plaintiffs filed their writ application with this court on February 13, 1998.

DISCUSSION
Plaintiffs argue the trial court erred when it granted Avondale's motion for partial summary judgment. They contend the facts suggest that Avondale is responsible for McLain's negligence under the "threshold" doctrine.
La. C.C.P. article 966 provides:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment shall be served at least ten days before the *1256 time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
In the present case, the trial court granted Avondale's motion for summary judgment on the basis that the "threshold" doctrine applied only to workers' compensation cases. Plaintiffs relied upon the "threshold" doctrine to establish Avondale's liability for McLain's negligence under the theory of respondeat superior. The "threshold" doctrine has been explained as an exception to the general rule in workers' compensation cases that accidents which occur while an employee is traveling to and from work are not considered as having occurred during the course and scope of employment. The "threshold" doctrine has been recognized when an accident occurs in a place with an unusually hazardous travel risk which is immediately adjacent to, but not on the work premises. The "threshold" doctrine generally involves a special risk attributable to the location of the work premises that is different from the risks to which the general travelling public is exposed or that is more aggravated in the area adjacent to the employer's premises than elsewhere. Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992). A review of the pertinent jurisprudence reveals that the "threshold" doctrine has not been applied in tort cases.
In Orgeron on Behalf of Orgeron v. McDonald, 93-1353, pp.4-5 (La.7/5/94), 639 So.2d 224, 226-227, the Louisiana Supreme Court discussed the doctrine of respondeat superior and noted that generally an employee who is traveling from home to work or returning from work to home is not within the course and scope of his employment:
An employer is answerable for the damage occasioned by his servant in the exercise of the functions in which the servant is employed. La. Civ.Code art. 2320. In the application of Article 2320, an employer's vicarious liability for conduct not his own extends only to the employee's tortious conduct which is within the course and scope of employment. Reed v. House of Decor, Inc., 468 So.2d 1159, 1161 (La.1985); see also W. Page Keeton et al., Prosser and Keeton on the Law of Torts Sec. 70 (5th ed.1984). Whether an employee is within the course and scope of his employment is a question that is only answerable by general rules, because of the unending contexts in which the question may arise. Generally speaking, an employee's conduct is within the course and scope of his employment if the conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time *1257 and space, and is activated at least in part by a purpose to serve the employer. W. Page Keeton et al., supra.
An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer's business. LeBrane v. Lewis, 292 So.2d 216 (La.1974). In determining whether the employee's conduct is employment-rooted, the court assesses several factors, including the payment of wages by the employer, the employer's power of control, the employee's duty to perform the particular act, the time place and purpose of the act in relation to service of the employer, the relationship between the employee's act and the employer's business, the benefits received by the employer from the act, the motivation of the employee for performing the act, and the reasonable expectation of the employer that the employee would perform the act. Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985).
... an employee who is traveling from home to work or returning from work to home is generally not within the course and scope of his employment. Because an employee usually does not begin work until he reaches his employer's premises, his going to and coming from work is generally considered outside the course of his employment unless he has a duty to perform en route. Moreover, an employee's place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination.
There are exceptions to the general rule that an employee who is traveling from home to work or from work to home is not within the course and scope of his employment. "An accident may be held to be within the course and scope of the employee's employment if (1) the employer provides the transportation the employee uses to go to and from work; (2) the employer provides expenses or wages for the time spent traveling in the vehicle; or (3) if the operation of the motor vehicle is incidental to or is actually the performance of some employment responsibility." Vaughan v. Hair, 94-86, p. 4 (La.App. 3rd Cir.10/5/94), 645 So.2d 1177, 1180, writ denied, 95-0123 (La.3/10/95), 650 So.2d 1186.
Plaintiffs and defendant Avondale relied upon Ms. McLain's deposition in support of their arguments. A review of the deposition indicates that Ms. McLain was not in the course and scope of her employment at the time of the accident. Ms. McLain testified in her deposition that she was employed as a welder employed by Avondale. On the day of the accident, she had clocked out at 3:00 p.m. The accident occurred as she exited the Avondale plant and turned onto Highway 18. Ms. McLain further stated that she was driving her own vehicle and was on her way home when the accident occurred. The facts established by all parties reveal that the accident occurred after Ms. McLain completed her work day at Avondale. The accident occurred as she was going home. Further, the facts support Avondale's argument that the accident is not covered by any of the exceptions to the general rule that an employee who is traveling from work to home is not within the course and scope of his employment. Avondale did not provide her with transportation home or pay her wages and expenses in connection with her travel time. Further, Ms. McLain's operation of her vehicle to go home had no relationship to her employment responsibilities. Ms. McLain was employed as a welder by Avondale at its plant. Her job responsibilities did not include any travel requirements.

CONCLUSION
As the facts of the case reveal that Ms. McLain was not in the course and scope of her employment with Avondale at the time of the accident, the trial court correctly granted Avondale's motion for partial summary judgment on the issue of respondeat superior. The trial court also correctly concluded that the "threshold" doctrine is applicable to workers' compensation cases only. Accordingly, we affirm the judgment of the trial court.
*1258 WRIT GRANTED; JUDGEMENT AFFIRMED.