811 So.2d 1286 (2002)
Robert WHITE
v.
Tyneeta CANONGE and the St. Charles Parish School Board.
No. 01-CA-1227.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 2002.
Rehearing Denied April 22, 2002.
*1288 Gordon Hackman, Gordon Hackman Law Corporation, Boutte, Louisiana, for plaintiff-appellant.
Gus A. Fritchie III, Bennett H.H. Biever, New Orleans, Louisiana, for defendant-appellee.
Court composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The Plaintiff, Robert White, seeks relief from the trial court's granting of summary judgment in favor of the Defendant, St. Charles Parish School Board. We affirm the judgment of the trial court.

STATEMENT OF THE CASE
On January 7, 1999, Robert White (White), the plaintiff, was struck by Tyneeta Canonge's (Canonge) vehicle. At the time of the accident, Canonge was driving along Tiger Drive on her way to work at Hahnville High School. Tiger Drive is adjacent to Hahnville High School. Canonge was attempting to complete a left turn from Tiger Drive into the school parking lot when her vehicle struck White.
White filed suit against Canonge and her auto insurer, Allstate Insurance Company, seeking damages for the injuries he suffered as a result of the accident. He then filed a First Amending Petition to add his mother, Madeline Womack, as a plaintiff, and added the St. Charles Parish School Board (School Board) as a defendant. Plaintiff Womack sought "Bystander Damages" and damages for loss of consortium. White and Womack alleged the School Board was liable because it had assumed a duty to provide crossing guards but had failed to carry out that duty in a reasonable manner. In addition, the plaintiffs alleged that Canonge was in the course and scope of her employment; therefore, the School Board, her employer, was liable for the negligent acts. Finally, the plaintiffs alleged the accident occurred on the School Board's property.
The plaintiffs' claims against Canonge and her auto insurer were settled and dismissed with prejudice on April 4, 2000. The School Board filed a Motion for Summary Judgment and Peremptory Exception of No Right of Action on January 26, 2001. The Exception of No Right of Action pertained to the claims by Womack. On March 5, 2001, the plaintiff also filed a Motion for Summary Judgment.
By Judgment issued June 18, 2001, the trial court granted the Exception of No Right of Action, dismissing Womack's claims, and denied the Plaintiff's Motion for Summary Judgment on the basis that the School Board had no vicarious liability because Canonge was not in the course and scope of her employment at the time of the accident. By Judgment dated July 30, 2001, the School Board's Motion for Summary Judgment was granted. Plaintiff now appeals those rulings of the trial court.

DISCUSSION
White contends the trial court erred in granting the School Board's Motion for Summary Judgment and denying his Motion *1289 for Summary Judgment. We agree with the decision of the trial court and affirm the granting of the School Board's Motion for Summary Judgment and the denial of White's Motion for Summary Judgment.
White claims the School Board's Motion for Summary Judgment should have been denied and his own Motion should have been granted because Canonge was in the course and scope of her employment at the time of the accident and the accident occurred on the school board's property.
Louisiana Civil Code Article 2320 states, "employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La. Civ.Code Art. 2320. The School Board will be held vicariously liable for the actions of Canonge if she was in the course and scope of her employment with the School Board at the time of the accident.
White has suggested to the court that in defining the phrase "in the course and scope of employment" the liberal construction used in workmen's compensation cases should be followed. This definition is not followed in tort cases involving personal injuries and damages. Wills v. Correge, 148 So.2d 822, 824 (La.App. 4 Cir. 1/7/63); LaBorde v. McBride, 112 So.2d 319, 322 (La.App.1959). In cases such as this, courts have adopted a strict construction of the phrase. Id.
Generally, an employee's conduct is within the course and scope of his employment if the conduct is the kind that he is employed to perform. Orgeron v. McDonald, 93-1353 (La.7/5/94) 639 So.2d 224, 226. In other words, an employer will be responsible for the negligent acts of its employee when the conduct is so closely connected in time, place and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer's business. Id. In order for the employer to be vicariously liable, the conduct being performed by the employee must be in the course and scope of the employment.
An employee going to and/or from work is generally not in the course and scope of employment. Fasullo v. Finley, 00-2659 (La.App. 4 Cir. 2/21/01), 782 So.2d 76, 81, citing Gordon v. Commercial Union Insurance Company, (La.App. 4 Cir. 1987), 503 So.2d 190, 194, writ denied, 506 So.2d 1227 (La.1987). The rationale of this principle is that an employee usually does not begin work until he reaches his employer's premises. Fasullo at 81. So, unless the employee has a duty to perform a task en route, the employee's commute to and from work is usually not in the course and scope of employment. Orgeron at 227.
In Gordon v. Commercial Union Insurance Company, 503 So.2d 190, 194 (La. App. 4 Cir.1987), the Fourth Circuit found that an employee of Boh Brothers asphalt plant was not in the course and scope of employment when he attempted a left turn into the plant driveway on his way to work and collided into an approaching vehicle. That court noted that the employee was traveling to work, his work day had not yet begun and he was not on his employer's premises at the time of the accident. Further, he was driving his private vehicle, was not earning his salary at the time of the accident, was not performing duties for his employer and was not compensated with either travel pay or mileage.
There are exceptions to the general rule that an employee going to and/or from *1290 work is not within the course and scope of employment. The employee may be in the course and scope of employment if the employer provides the transportation, if the employer provides expenses or wages for the time spent traveling, or if the operation of the vehicle is incidental to or actually is performance of the employment responsibility. Washington v. Avondale Industries, Inc., 98-0362 (La.App. 4 Cir. 3/18/98), 708 So.2d 1254, 1257, citing Vaughan v. Hair, 94-86, p. 4 (La.App. 3 Cir. 10/5/94) 645 So.2d 1177, 1180, writ denied, 95-0123 (La.3/10/95), 650 So.2d 1186.
None of these exceptions apply to this case. The School Board did not provide Canonge with her transportation, nor did it provide her expenses or wages for her travel time. Operation of the vehicle by Canonge was not incidental to or actually performance of her employment duties with the School Board.
Canonge was traveling to work in her private vehicle and had no duty to perform a task en route. She had not yet reached the school and was not on the school premises, so her work day had not begun. Canonge was not earning her salary at the time of the accident, nor was she compensated with either travel pay or mileage. Thus, we find that Canonge was not in the course and scope of her employment when this accident occurred.
White suggests to the court that the School Board should be liable for the acts of Canonge because the accident occurred on the School Board's property. However, this contention is based on workers' compensation jurisprudence which suggests that an employer can be liable for payment of compensation to its employee, if that employee is injured on the employer's premises. As discussed above, this matter is a tort action and will not be decided based upon prior workers' compensation jurisprudence. The location of this accident does not automatically make Canonge's conduct in the course and scope of her employment.
The plaintiff looks to St. Charles Parish School Board v. P.L. Investment Corporation, 95-2571 (La.5/21/96) 674 So.2d 218, which addressed an issue involving the same street and area in which this accident occurred. In St. Charles Parish School Board, the Louisiana Supreme Court reviewed the ownership of the property on which Tiger Drive is located in order to decide whether Tiger Drive was subject to public use. Ultimately, the court decided that P & L Investment Corporation owned a portion of the land on which Tiger Drive was located, but found that P & L had tacitly dedicated its portion to public use. The court in St. Charles Parish School Board did not indicate that the School Board owned Tiger Drive, or any portion thereof. In fact, the court indicated that the Police Jury owned the land, not the School Board. As a result, we find that the accident did not occur on School Board property.
Considering the above, we find that Canonge was not in the course and scope of her employment at the time of the accident; therefore, the School Board is not liable for the alleged negligent acts of Canonge.
Accordingly, the judgment of the trial court granting summary judgment in favor of the School Board is hereby affirmed.
AFFIRMED.